**Henry MITCHELL and Donna Mitchell, Individually, and as next friend for William Devon Mitchell, Plaintiffs–Appellants,**

v.

**John McBRYDE and Scott Wiggins, Defendants–Appellees.**

No. 91–1171
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 9, 1991.
Rehearing Denied Nov. 4, 1991.

Henry and Donna Mitchell, pro se.

Howard A. Borg, Asst. U.S. Atty. and Marvin Collins, U.S. Atty., Fort Worth, Tex., for defendants-appellees.

Before KING, GARWOOD and DUHÉ, Circuit Judges.

GARWOOD, Circuit Judge:

Plaintiffs-appellants Henry and Donna Mitchell, individually and on behalf of a minor, William Mitchell (the Mitchells) filed a *pro se* complaint for five million dollars in damages against a federal district judge, Judge John McBryde, and his law clerk, Scott Wiggins, and demanded a jury trial. The gravamen of their complaint is the judge maliciously conspired with his law clerk to set aside a default judgment obtained by the Mitchells in a prior lawsuit pending in Judge McBryde's court.

The defendants, pleading the doctrine of judicial immunity, filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Mitchells responded claiming that the request for a five million dollar damage award constituted "a claim upon which relief can be granted."

Finding that the actions complained of were within the scope of judicial duties and, therefore, that the judge and his law clerk were absolutely immune from this damage suit, the district court, Judge Mahon, dismissed the Mitchells' complaint pursuant to Rule 12(b)(6). The Mitchells bring this appeal.

■ In reviewing a Rule 12(b)(6) dismissal, this Court accepts "all well pleaded averments as true and view[s] them in the light most favorable to the plaintiff." *Rankin v. City of Wichita Falls*, 762 F.2d 444, 446 (5th Cir.1985). The dismissal will not be upheld " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

The Mitchells' argument is incoherent. They contend that the judge's "inexcusable neglect" constituted "fraud" ... "which resulted in violations of plaintiffs rights for the benefit of an adverse party," and that their complaint should not have been dismissed "on the grounds that it was dismissed." Their further contention that, because they demanded five million dollars

damages in their complaint and "[a] claim is a demand for money," their complaint could not be dismissed for failure to state a claim, is patently absurd.

The Mitchells contend, without further argument, that the judge and his law clerk "are not entitled to absolute immunity, for no man is above the law, not Richard Nixon, Alcee Hasting and not John Mcbryde, [sic] and Scott Wiggins."

■ Judges are immune from damage claims arising out of acts performed in the exercise of their judicial functions, even when the judge is accused of acting maliciously. *McAlester v. Brown*, 469 F.2d 1280, 1282 (5th Cir.1972); *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Clearly, the judge was acting within his judicial capacity in his rulings in the Mitchells' prior lawsuit. The Mitchells do not argue otherwise. The fact that it is alleged that the judge acted pursuant to a conspiracy and committed grave procedural errors is not sufficient to avoid absolute judicial immunity. *Holloway v. Walker*, 765 F.2d 517, 522 (5th Cir.), *cert. denied*, 474 U.S. 1037, 106 S.Ct. 605, 88 L.Ed.2d 583 (1985); *Adams v. McIlhany*, 764 F.2d 294, 298 (5th Cir.1985), *cert. denied*, 474 U.S. 1101, 106 S.Ct. 883, 88 L.Ed.2d 918 (1986). The judge is absolutely immune for all judicial acts "not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive." *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir.), *cert. denied*, 492 U.S. 921, 109 S.Ct. 3250, 106 L.Ed.2d 596 (1989).

■ Although we have not specifically so ruled, it is plain from the reasoning underlying our prior decisions that the judge's law clerk, when assisting the judge in carrying out the former's judicial functions, is likewise entitled to absolute immunity. *See, e.g., Johnson*, 870 F.2d at 995–997 (examples of those entitled to absolute judicial or prosecutorial immunity); *Freeze v. Griffith*, 849 F.2d 172 at 175 (5th Cir. 1988) (probation officer in reference to presentence report); *Spaulding v. Nielson*, 599 F.2d 728, 729 (5th Cir.1979) (same). On

similar reasoning, the Second Circuit has held that a judge's law clerk in such a situation enjoys absolute judicial immunity. *Oliva v. Heller,* 839 F.2d 37, 40 (2nd Cir. 1988). We agree. *See also, e.g., Dellenbach v. Letsinger,* 889 F.2d 755 at 763 (7th Cir.1989), *cert. denied,* — U.S. — 110 S.Ct. 1821, 108 L.Ed.2d 950 (1990) (citing "[t]he danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on ... [diverse] judicial adjuncts—alleging as here a conspiracy between the adjunct and the judge," as a reason for extending judicial absolute immunity to such an adjunct).

The Mitchells are apparently trying to have the prior lawsuit revised in the guise of a damage suit against the judge and his law clerk. In any event, it is entirely clear that the defendants enjoy absolute immunity, and the district judge correctly granted their motion to dismiss on that basis. The judgment is accordingly

AFFIRMED.