FAGG, Circuit Judge, with whom BOWMAN, Circuit Judge,
joins, concurring in Parts I, II, III, and V, and writing separately for Part IV.
We believe the special prosecutors are absolutely immune from § 1983 liability for helping the grand jury draft an official report permitted by Nebraska law after the grand jury’s investigation into possible criminal activity by the managers of a failed credit union ended without indictments.
In this lawsuit, DeCamp seeks to hold the special prosecutors liable for their role in preparing a report expressing the grand jurors’ opinion that DeCamp’s accusatory memorandum sent them on a wild goose chase for “personal political gain and possible revenge.” Ante at 1049. According to DeCamp’s complaint, he alleges the special prosecutors prepared the report for the grand jury from “statements made by the [jurors].” DeCamp Compl. HIT 12, 13. DeCamp concedes the report is “a judicial document” containing “nothing more than a compilation of wide ranging opinions of the grand jury.” Appellant’s Brief at xiii; Appellant’s Reply Brief at 1. DeCamp does not allege the grand jury published the report without approving it. See DeCamp Compl. Tí 19. Nevertheless, DeCamp contends the special prosecutors “stepped outside the scope of their official duties and responsibilities when they co-authored the [grand jury’s] report.” Id. 1116. We disagree.
Under Nebraska law, special prosecutors are authorized to serve as legal advisors to the grand jury. See Neb.Rev.Stat. §§ 29-1408 (Reissue 1989), 23-1208 (Reissue 1987). Having considered this statutory authorization de novo, see Salve Regina College v. Russell, — U.S. —,—, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991), we agree with the district court that the special prosecutors helped the grand jury prepare its report in their capacity as the grand jury’s legal advisors. Our conclusion the special prosecutors acted within the scope of their duties does not end our inquiry, however. We must decide whether the duty in question justifies absolute immunity.
To decide whether, absolute immunity should protect the special prosecutors for their actions in this case, we focus on the function being performed, rather than the special prosecutors’ status. Burns v. Reed, U.S. —, —, 111 S.Ct. 1934, 1939, 114 L.Ed.2d 547 (1991); Brown v. Griesenauer, 970 F.2d 431, 436 (8th Cir. 1992). Under the functional approach, absolute immunity protects prosecutors for their acts that are “intimately associated with the judicial phase of the criminal process.” Imbler v. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976); see Brown, 970 F.2d at 435. “There .is widespread agreement among the Courts of Appeals that prosecutors are absolutely immune from liability under § 1983 for their conduct before grand juries.” Burns, — U.S. at — n. 6, 111 S.Ct. at 1941 n. 6. Courts have extended Imbler immunity to prosecutors who, while acting as the grand jury’s legal advisors, help the grand jury perform its quasi-judicial responsibilities. See Baez v. Hennessy, 853 F.2d 73, 75 (2d Cir.1988) (drafting grand jury indictments), cert. denied, 488 *1054 U.S. 1014, 109 S.Ct. 805, 102 L.Ed.2d 796 (1989); Fields v. Soloff, 920 F.2d 1114, 1120 (2nd Cir.1990) (advising the grand jury of the judge’s orders).
We believe a grand jury report that explains why indictments were not returned after an investigation of highly-placed people is as important to the overall well-being of the judicial system as indictments. See ante at 1050-51. Accordingly, we held in Part III that the grand jurors made their comments about DeCamp in “the exercise of a discretionary,. quasi-judicial function absolute immunity protects.” Id. at 1050. The special prosecutors’ authorized actions at issue here — helping the grand jury prepare their judicial document — put the prosecutors in the midst of an activity “intimately associated with the judicial phase of the criminal process.” Imbler, 424 U.S. at 430, 96 S.Ct. at 995. It would be anomalous to grant absolute immunity to the grand jurors for reporting their opinions but to allow civil suits against their adjuncts for following the grand jury’s drafting requests. See Mitchell v. McBryde, 944 F.2d 229, 230-31 (5th Cir.1991) (law clerk assisting judge carry out judicial functions entitled to absolute immunity); Oliva v. Heller, 839 F.2d 37, 40 (2d Cir.1988) (same). Thus, we conclude the special prosecutors are entitled to absolute immunity for their actions.
The same common-law rationale that supports absolute prosecutorial immunity for trial-related activities supports similar immunity in this case. See Burns, — U.S. at —-—, 111 S.Ct. at 1941-44 (discussing relevant factors for extending absolute immunity to a particular function); Imbler, 424 U.S. at 421-29, 96 S.Ct. at 990-94 (same). Prosecutors have historically enjoyed absolute immunity for conduct related to judicial proceedings. See Burns, — U.S. at —, 111 S.Ct. at 1941; Briscoe v. LaHue, 460 U.S. 325, 335, 103 S.Ct. 1108, 1115, 75 L.Ed.2d 96 (1983) (common law absolute immunity protected all persons integral to the judicial process). In addition, prosecutors assisting the grand jury perform its quasi-judicial duties would risk entanglement in vexatious litigation if they were not absolutely immune from civil liability. See Burns, — U.S. at —, 111 S.Ct. at 1942-44; Imbler, 424 U.S. at 424-25, 96 S.Ct. at 992. DeCamp’s lawsuit shows how disgruntled litigants, upset with the grand jury but unable to sue the grand jurors, may vent their wrath on the prosecutors who are duty bound to work with the grand jury. Prosecutors who faithfully carry out the wishes of the grand jury should not be “a lightning rod for harassing litigation aimed at” the grand jury. Kermit Constr. Corp. v. Banco Credito Y Ahorro Ponceno, 547 F.2d 1, 3 (1st Cir. 1976) (receiver carrying out appointing judge’s orders shares the judge’s absolute immunity). Finally, there are checks other than civil liability on special prosecutors who help the grand jury draft an official report. The grand jury itself serves as a judicial check because it may reject the prosecutors’ input. See Burns, — U.S. at —, 111 S.Ct. at 1942. Further, the prosecutors are not beyond the reach of the law or professional discipline for willful deviations from duty. See Imbler, 424 U.S. at 428-29, 96 S.Ct. at 994.
The need for the grand jury to receive accurate, untempered legal advice from prosecutors supports our conclusion. Apprehension over potential damages liability would provide prosecutors a powerful incentive to avoid giving meaningful advice and assistance, on subjects likely to provoke civil lawsuits. “The resulting timidity would be hard to detect or control, and it would manifestly detract from” the grand jury’s effectiveness as a judicial tribunal. Forrester v. White, 484 U.S. 219, 227, 108 S.Ct. 538, 544, 98 L.Ed.2d 555 (1988).
In our view, the special prosecutors have satisfied their burden of showing that absolute immunity is justified for their actions in this case. Burns, — U.S. at —, 111 S.Ct. at 1939. Thus, we hold the special prosecutors are absolutely immune from DeCamp’s lawsuit.