Amanda DeFRANCIS

v.

Kevin BUSH and the City of Port Arthur, Texas.

No. 1–93–CV–0161.

United States District Court, E.D. Texas, Beaumont Division.

Nov. 30, 1993.

14

Paul N. Buchanan, Angela G. Lampson, Humble TX, for plaintiff.

Frank D. Calvert, Benckenstein & Oxford, Beaumont TX, for defendant.

## ORDER

COBB, District Judge.

The City of Port Arthur contends in its Answer that DeFrancis has failed to state a claim against the city under 42 U.S.C.A. § 1983 upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6).

In passing on a motion to dismiss for failure to state a claim, this court accepts all well pleaded allegations as true and views them in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Mitchell v. McBryde,* 944 F.2d 229 (5th Cir. 1991). This court will dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

In DeFrancis' complaint, she alleges that Port Arthur's "policy, custom, or tradition" played a part in the deprivation of her rights. DeFrancis alleges that the policy/custom included 1) poor training of police personnel in the making of warrantless searches and the use of deadly force, 2) poor supervision of police personnel in the above matters, 3) allowing excessive use of deadly force, and 4) allowing the coverup of the use of excessive force.

In *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that municipalities can be held liable under § 1983 when the action alleged to be unconstitutional implements a custom or policy adopted by that body's officers. *See also City of Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (the inadequacy of police training may serve as the basis of municipal liability under § 1983 if the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact); *Webster v. City of Houston,* 735 F.2d 838 (5th Cir. 1984) (en banc) (recognizing that a custom of authorizing or approving the excessive use of force by the police states a claim against a municipality under § 1983). Assuming the allegations to be true, DeFrancis has stated a legal basis on which she could recover.

This court is therefore of the opinion that Plaintiff DeFrancis has stated a claim against the City of Port Arthur under § 1983. The defendant's contentions to the contrary must therefore fail.

It is so ORDERED.