**Amanda DEFRANCIS**

v.

**Kevin BUSH and the City of Port Arthur, Texas.**

**No. 1:93–CV–0161.**

United States District Court, E.D. Texas, Beaumont Division.

July 15, 1994.

Angela G. Lampson and Paul N. Buchanan, Humble, TX, for plaintiff.

William S. Helfand, Hirsh Robinson Sheiness & Glover, Houston, TX, for Kevin Bush.

Frank D. Calvert, Benckenstein & Oxford, Beaumont, for City of Port Arthur, Tex.

## MEMORANDUM OPINION AND ORDER

COBB, District Judge.

Before the court are the defendant Kevin Bush's Motion and Supplemental Motion to Quash Service of Process And To Dismiss. After holding a hearing on the motions and considering the pleadings and live testimony of Kevin Bush, this Court is of the opinion that the motions should be DENIED.

### I.

The plaintiff, Amanda DeFrancis, suddenly awoke in her bed on the morning of December 26, 1991 to realize she had just been shot in the leg by Officer Kevin Bush of the Port Arthur, Texas Police Department. Ms. DeFrancis filed this suit against former Officer Bush and the City of Port Arthur under 42 U.S.C. § 1983 and state tort law.[1]

### II.

■ Mr. Bush initially argues that his service should be quashed. Under Federal Rule 4(e)(2), service may be made by "leaving copies [of the summons and complaint] at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." FED. R.CIV.P. 4(e)(2). It is undisputed that service was made upon Jean Bush, Kevin Bush's wife, at her parent's house. Although Mr. Bush had been itinerant in the months before service, this court finds that on the date of service the house belonging to Ms. Bush's parents was Kevin and Jean Bush's dwelling house[2] and usual place of abode.[3] Moreover, the court finds that Bush has had actual knowledge of the suit since its inception. *See Nowell v. Nowell,* 384 F.2d 951 (5th Cir. 1967), *cert. denied,* 390 U.S. 956, 88 S.Ct. 1053, 19 L.Ed.2d 1150 (1968). Consequently, service was proper and Bush's motion to quash service is DENIED.

■ Bush next argues that the action should have been dismissed under Federal Rule of Civil Procedure 4(m). Dismissal under Rule 4(m) is inappropriate, however, if the plaintiff shows good cause for the failure to serve the defendant within 120 days. At a management conference held on October 7, 1993, this court found that the plaintiff was having justifiable difficulty in locating the roving Mr. Bush. As a result, the court found good cause for the failure to serve and granted the plaintiff 90 days from October 7, 1993 to serve Bush. *See, e.g. Quann v. Whitegate–Edgewater,* 112 F.R.D. 649, 659–

---

1. *See also DeFrancis v. Bush,* 839 F.Supp. 13 (E.D.Tex.1993) (denying city's motion to dismiss under FED.R.CIV.P. 12(b)(6)).

2. Under Rule 4(e)(2), the court need not determine whether this "house" was in fact a "home." *See* FED.R.CIV P. 4(e)(2).

3. In fact, it appears that Bush is still living there.

663 (D.Md.1986). It is undisputed that service was completed by the court's extended deadline. Therefore, Bush's request for dismissal pursuant to Rule 4(m) is utterly without merit.

In his third point, Bush claims that the statute of limitations bars the claims against him. This is merely a reassertion of his unsuccessful second argument. Under Federal Rule 3, "[a]n action is commenced by filing a complaint." Again, it cannot be disputed that this action was **filed** before the expiration of the applicable statute of limitations. However, Bush argues that because **service** was made more than two years[4] after the incident, the statute of limitations bars the suit. Again, this contention must fail. Filing of the action tolls the statute of limitations for 120 days. *See* FED.R.CIV.P. 3, 4(m); *Martin v. Demma*, 831 F.2d 69 (5th Cir.1987). However, if good cause is shown, as in this case, the statute remains tolled until the expiration of the extended deadline. *See Frasca v. United States*, 921 F.2d 450, 453 (2nd Cir.1990); 4 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1056 (1987). Because Bush was served within the period allowed by the court, the statute of limitations remained tolled and cannot bar the claims against him.

■ Mr. Bush next maintains that De-Francis' allegations of negligence and gross negligence in her Original Petition are insufficient to state a claim for which relief can be granted under 42 U.S.C. § 1983. *See* FED. R.CIV.P. 12(b)(6). In passing on a motion to dismiss for failure to state a claim, this court accepts all well pleaded allegations as true and views them in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir.1991). Furthermore, the court

will dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984). In Count One of her petition[5], DeFrancis alleges that Bush violated her constitutional rights by "**maliciously** wounding Plaintiff through the use of deadly force without due or probable cause." De-Francis' petition, at 4 (emphasis added). The term "maliciously ... [i]mports a wish to vex, annoy, or injure another, or an intent to do a wrongful act, and may consist in direct intention to injure ..." BLACK'S LAW DICTIONARY, at 863 (5th ed. 1979). In fact, Ms. DeFrancis' petition only mentions negligence and gross negligence in Count Two, which seeks recovery under the Texas Tort Claims Act, TEX.CIV.PRAC. & REM.CODE ANN. § 101.-001 et seq. (Vernon 1986). The court therefore finds Bush's argument wholly devoid of factual support; DeFrancis has stated a claim upon which relief can be granted under 42 U.S.C. § 1983.[6]

■ Finally, Bush asserts that he is entitled to qualified immunity for his actions. The petition alleges that Officer Bush wrongfully entered Ms. DeFrancis' house and shot her. Because Bush has not rebutted this allegation, the grant of qualified immunity is unwarranted at this time.[7]

### III.

For the above reasons, Kevin Bush's Motion and Supplemental Motion to Quash Service of Process And To Dismiss are DENIED and OVERRULED.

It is so ORDERED.

---

4. This court looks to state law on personal injury actions for the statute of limitations on an action under 42 U.S.C. § 1983. In Texas, the statute of limitations for personal injury actions is two years. TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986); *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir.1989).

5. A petition is the initial pleading in Texas state court practice. The defendants removed the case to this Court on April 8, 1993.

6. Because of this resolution, this court need not address whether allegations of negligence or gross negligence will state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

7. Upon further development of the record, however, Bush is free to re-assert a claim of qualified immunity in a motion for summary judgment.