IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10039
Conference Calendar
_____

JOHNNY GLENDELL MYERS,

Plaintiff-Appellant,

versus

DALLAS COUNTY JUSTICE COURT, Precinct 3,
Court 2; MARTHA E. RITTER, Judge,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CV-2961-K
--------------------
February 16, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Johnny Glendell Myers, proceeding pro se and in forma
pauperis (IFP), appeals the district court's dismissal of his 42
U.S.C. § 1983 suit as frivolous.  Myers sued Judge Martha Ritter,
a state court judge, and the Dallas County Justice Court for a
default judgment entered against Myers in 1995 in a tort suit.
The district court concluded that Myers' § 1983 suit, filed in
1998, was time-barred and that the state judge was protected by

_____

   [*]  Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

absolute immunity.  On appeal, Myers challenges only the time-bar issue, and he argues that he did not timely receive notice of the default judgment.

Myers has waived the judicial-immunity issue by not briefing it.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); see also Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991) (judges are absolutely immune for their judicial acts). Furthermore, the district court did not have jurisdiction to review Myers' § 1983 challenges to the state trial court's orders in the state tort suit.  See Liedtke v. State Bar of Texas, 18 F.3d 315, 317 (5th Cir. 1994)).

The district court did not abuse its discretion for dismissing Myers' § 1983 suit as frivolous.  See Denton v. Hernandez, 504 U.S. 25, 31-34 (1992).  Furthermore, Myers' appeal lacks arguable merit and is thus frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  The appeal is therefore DISMISSED.  5TH CIR. R. 42.2.  The dismissal of this appeal as frivolous and the dismissal of his district court suit as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g).  We caution Myers that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

DISMISSED AS FRIVOLOUS, SANCTION WARNING ISSUED.