**Bobie Kenneth TOWNSEND, Plaintiff,**

**v.**

**BAC HOME LOANS SERVICING, LP; fka Countrywide Home Loans Servicing LP, Defendant.**

**Civil Action No. H–10–3751.**

United States District Court,
S.D. Texas,
Houston Division.

March 29, 2011.

Bobie Kenneth Townsend, Conroe, TX, pro se.

C. Charles Townsend, Elizabeth A. Mazzarella, Akerman Senterfitt LLP, Dallas, TX, for Defendant.

### *MEMORANDUM AND ORDER*

KENNETH M. HOYT, District Judge.

### I.

Before the Court is the defendant, BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP's, motion to dismiss ("BAC") (# 34) and the plaintiff's Bobie Kenneth Townsend's, response (# 38). The Court has reviewed the documents presented and determines that BAC's motion should be granted.

### II.

The facts underlying the dispute in this case show that on or about June 29, 2004, the plaintiff executed a note and deed of trust granting a lien against his house in Montgomery County, Texas. He alleges that the Loan Origination Agent informed him that the annual property tax assessment would be less than $900 and would not increase more than $200–$300 in the near future. However, the plaintiff asserts that his property taxes increased substantially the next year. By 2006, the property taxes assessed was $4,439.98.

The plaintiff refused to pay the taxes due and BAC paid the taxes to protect its lien position on or about March 12, 2008. As a result of plaintiff's refusal to repay BAC, BAC gave the plaintiff a notice of default and a subsequently a notice of foreclosure scheduled for October 5, 2010. The plaintiff sought and obtained a temporary restraining order; however, the court dismissed the plaintiff's claims for negligent hiring, breach of fiduciary duty, theft of property, Deceptive Trade Practices Act and standing.

### III.

In his amended complaint the plaintiff asserts causes of action for common law fraud, fraud in a real estate transaction (27.01 Tax. Bus. And Com. Code), conspiring to commit fraud, breach of contract, negligent misrepresentation, violation of the Truth in Lending Act and violation of the Federal Debt Collection Practices Act. With respect to each of the plaintiff's claims, BAC asserts that the claims fail as a matter of law because the tort claims concern conduct that occurred more than six years ago and the contract claims fail to state a cause of action.

The plaintiff asserts that Countrywide and BAC's affirmative defense(s) of limitations do not bar prosecution; that Coun-

trywide and BAC engaged in a "well-established pattern of misconduct concerning the transfer of the deed of trust and note to BAC; that various disclosures concerning the transfer of the deed of trust and note were not made according to statute." However, the plaintiff does not dispute the accuracy of the facts as related by BAC. Yet, to avoid the dismissal of his case based on limitations, the plaintiff presents, without stating facts to support it, the "discovery rule." Here, the plaintiff fails, even after supplementing his amended pleading, to state when he discovered that the Loan Origination Agent committed the negligence, fraud and other acts of tort. Therefore, the defense is meaningless.

## IV.

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." FED.R.CIV.P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.,* 94 F.3d 189, 194 (5th Cir.1996) (citing *Mitchell v. McBryde,* 944 F.2d 229, 230 (5th Cir.1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting

*Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964–65 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

More recently, in *Ashcroft v. Iqbal,* the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. 662, 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. at 1955). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.'" *Ashcroft,* 556 U.S. 662, 129 S.Ct. at 1950 (quoting FED. R.CIV.P. 8(a)(2)). Nevertheless, when considering a 12(b)(6) motion to dismiss, the court's task is limited to deciding whether a plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *Twombly,* 550 U.S. at 563, 127 S.Ct. at 1969 n. 8 (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)); *see also Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir.1999).

## V.

■ The facts are undisputed that the plaintiff learned in 2005, and at the latest 2006, that the Loan Origination Agent had misrepresented the yearly property tax assessments for 2006 and future years. The plaintiff admits that a "variance was removed by the [Montgomery County Appraisal District] in 2005, and he became aware at the end of 2005, when he received his property tax assessment, that something had changed. Moreover, he knew that the change had been made by the Appraisal District, not Countrywide or BAC. Finally, he knew that neither Countrywide nor BAC caused or participated in the removal of the variance on his property.

■ The limitations period for filing a suit based in common-law or statutory fraud is four years. *See* TEX. CIV. PRAC. & REM.CODE § 16.004(a)(4). The period to bring the suit begins to run, barring concealment, on the day when the false representation or fraudulent act occurred. *See Woods v. William M. Mercer, Inc.,* 769 S.W.2d 515, 517 (Tex.1988). It is clear from the pleadings that the alleged fraud asserted by the plaintiff occurred in 2004, at the time he closed the sales transaction. However, assuming that the discovery rule would fix another date, that date came no later than January of 2006 when the 2005 taxes were due. Hence, the plaintiff knew in 2006 that the statement made by the Loan Origination Agent would not hold true.

Therefore, the Court is of the opinion and holds that the plaintiff's common-law and statutory claims for fraud are barred by limitations and, should have been brought on or before June 29, 2008, and no later than 2009, the next year. These claims are dismissed as a result.

■ The plaintiff's claims for breach of contract also fail. Here, the plaintiff asserts that BAC paid property taxes that he had a right to protest and that, in violation of the contract, paid the taxes from his monthly mortgage payment without his authorization. The plaintiff refers to section 4 of the deed of trust as the basis for this claim. Section 4 requires the borrower to promptly pay any lien that has the potential or ability to attain priority over BAC's lien. It is undisputed that real estate tax liens allow ad valorem tax assessments to take priority over a mortgagee's lien in the year following the assessment. *See* TEX. TAX Code § 32.01(a); 32.05(b)(1). Because the plaintiff failed to pay the 2006 assessed taxes timely, a lien attached to the property and BAC was free to proceed under the provisions of the deed of trust, including section 4, to protect its lien position.

The evidence and pleadings also establish that the plaintiff did not protest the 2006 tax assessment within the 30–day window of protest. *See* TEX. TAX Code Ann. § 41.44(a). Moreover, no suit was filed by the plaintiff contesting the assessment until December 30, 2009. Therefore, it is undisputed that a priority lien existed against the plaintiff's property, placing the plaintiff in default under the terms of the note and deed of trust. Hence, the plaintiff's breach of contract claim is unmeritorious in that it fails to state a cause of action. *See Mitchell v. Chase Home Finance, LLC,* [2008 WL 623395 (N.D.Tex. Mar. 4, 2008)]

Based on the foregoing discussion and analysis, the plaintiff's claims, if any he had, are barred as a matter of law based on limitations. Therefore, BAC's motion to dismiss is **GRANTED.**

It is so **ORDERED.**