In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00564-CV
_____

**BOBIE KENNETH TOWNSEND, Appellant**

**V.**

**BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP, SHELLEY LUAN DOUGLASS, AND KELLY JIMENEZ, SUBSTITUTE TRUSTEE, Appellees**

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-03-03493-CV**

**MEMORANDUM OPINION**

Bobie Kenneth Townsend filed an action in tort against the law firm that represented a lender, one of the law firm's employees, and the substitute trustee who foreclosed on Townsend's property. The trial court granted a summary judgment in favor of Barrett Daffin Frappier Turner & Engel, LLP (BDFTE), Shelley Luan Douglass, and Kelly Jimenez. Townsend brings fifteen issues in his appeal.

1

BACKGROUND

Townsend executed a note secured by a deed of trust for the benefit of Countrywide Home Loans, Inc. *See Townsend v. BAC Home Loans Servicing, LP*, 783 F. Supp. 2d 968 (S.D. Tex.), *aff'd*, 461 F. App'x 367 (5th Cir. 2011). The deed of trust required Townsend to discharge any lien with priority over the deed of trust. *Townsend*, 461 F. App'x at 369. A dispute arose concerning Townsend's property taxes. *Id.* at 370; *see also Townsend v. Appraisal Review Bd. of Montgomery Cnty, Tex.*, No. 09-11-00089-CV, 2011 WL 3847430, at *1 (Tex. App.—Beaumont Aug. 31, 2011, pet. denied) (mem. op.); *Townsend v. Montgomery Cent. Appraisal Dist.*, No. 09-10-00394-CV, 2011 WL 3207955, at *1 (Tex. App.—Beaumont July 28, 2011, pet. denied) (mem. op.). Townsend sued BAC Home Loans Servicing, LP (BAC) to enjoin the foreclosure on Townsend's property. *See Townsend*, 461 F. App'x at 370. After the case was removed to federal court, Townsend amended his pleadings to add claims for fraud, conspiracy to commit fraud, breach of contract, negligent misrepresentation, and violation of the Truth in Lending Act. *Id.* The federal district court dismissed all of Townsend's claims with prejudice. *Id.* The Fifth Circuit affirmed the lower court's ruling. *Id.* at 372.

After the other suits concluded, Townsend filed this suit in which he sought to enjoin a foreclosure scheduled for April 2012. Documents attached to his original petition included (1) a notice on BDFTE letterhead stating that Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP, had accelerated the Townsend note, (2) an assignment of the Townsend note and deed of trust to BAC Home Loans Servicing, LP (f/k/a Countrywide Home Loans Servicing LP), signed by Douglass as the assistant secretary of Mortgage Electronic Registration Systems, Inc. (MERS) (as nominee for lender and lender's successors and assigns), (3) an appointment by BAC of Jimenez as substitute trustee, and (4) a notice of substitute trustee's sale signed by Jimenez.

The trial court did not restrain the foreclosure sale. Townsend alleged BDFTE, Douglass, and Jimenez engaged in a conspiracy to commit fraud in connection with the foreclosure proceedings and sued the three defendants for wrongful foreclosure and suit to quiet title. Townsend also asserted claims against BDFTE for negligent hiring, violations of the Texas Debt Collection Act, and negligent misrepresentation regarding the identity of the holder of the note and deed of trust. Townsend asserted a negligent misrepresentation claim against Douglass and a breach of fiduciary and libel claim against Jiminez.

## MOTION TO SHOW AUTHORITY

In issue one, Townsend complains that the trial court failed to rule on Townsend's challenge to the authority of counsel of record for the appellees. He argues the trial court had no discretion to proceed upon any motion filed by counsel because counsel for the appellees failed to show his authority. *See generally* Tex. R. Civ. P. 12. In issue thirteen, he contends the trial court erred in denying his request for submission of the motion to show authority.

In a sworn motion, Townsend stated that he "questions if the defendants have actually contracted with the law firm . . . or if another entity other than the defendants has contracted the law firm . . . to represent the defendants." Townsend subsequently requested that the motion to show authority be set for submission on the same date as another scheduled hearing and that the trial court rule on the motion before making any other rulings. The trial court denied Townsend's request.

Townsend's motion to show authority conceded that counsel had been engaged, either by the appellees or another entity, to represent the appellees. Rule 12 requires a sworn statement that the movant believes the suit is being defended without authority. Although presented as a motion to show authority, Townsend's motion sought to discover the identity of the source of the attorneys'

4

compensation, a matter not referenced in Rule 12. *See* Tex. R. Civ. P. 12. We overrule issues one and thirteen.

DISCOVERY ISSUES

Six issues address the status of discovery and its effect on the summary judgment. Townsend contends: the trial court erred in considering the no-evidence motion for summary judgment before the passage of adequate time for discovery (issue two); discovery abuse by appellees' counsel made granting summary judgment erroneous (issue three); the trial court erred in granting summary judgment when there was no docket control order on file (issue seven); the trial court erred in granting summary judgment after admissions had been deemed against BDFTE (issue nine); the trial court erred in granting summary judgment after admissions had been deemed against Douglass (issue ten); and the trial court erred in granting summary judgment after admissions had been deemed against Jimenez (issue eleven).

Townsend did not mention deemed admissions in the summary judgment response he filed seven days before submission, nor did he submit the admissions as summary judgment evidence. *See* Tex. R. Civ. P. 166a(c). To rely on discovery products not on file with the clerk, at least seven days before the submission date Townsend was required to serve a statement of intent on all parties to use the

5

specified discovery as summary judgment proof, together with "copies of the material, appendices containing the evidence, or a notice containing specific references to the discovery or specific references to other instruments[.]" Tex. R. Civ. P. 166a(d). The record does not demonstrate that Townsend complied with Rule 166a(d); *see Torres v. GSC Enters., Inc.*, 242 S.W.3d 553, 560 (Tex. App.— El Paso 2007, no pet.). Furthermore, the trial court modified the response time as a result of a May 25, 2012 hearing on the appellees' motion for a protective order from Townsend's discovery requests. *See* Tex. R. Civ. P. 192.6. Consequently, the record demonstrates that the requests for admissions were not deemed admitted. We overrule issues nine, ten, and eleven.

Townsend neither requested a docket control order nor raised the lack of a docket control order in an objection filed at least seven days before the submission date. He cannot raise the lack of a docket control order as grounds for reversal on appeal. *See* Tex. R. Civ. P. 166a(c). We overrule issue seven.

In issue three, Townsend argues the trial court erred in granting summary judgment when the appellees failed to file timely responses to his discovery requests. The trial court granted protection from Townsend's discovery requests on May 25, 2012, when it excused the appellees from responding to Townsend's discovery requests until the trial court ruled on their special exceptions. *See* Tex.

6

R. Civ. P. 192.6. Townsend failed to establish an abuse of discovery. *See* Tex. R. Civ. P. 215. We overrule issue three.

In issue two, Townsend contends the trial court abused its discretion by granting a no-evidence motion for summary judgment because the trial court did not allow an adequate time for discovery to be completed. Rule 166a(i) requires "adequate time." *See* Tex. R. Civ. P. 166a(i). But what may be inadequate time for discovery in one claim may be "adequate" time in another in light of the nature of the case, the nature of the evidence needed to controvert the motion, and the availability of evidence from other sources. *See generally In re Guardianship of Patlan*, 350 S.W.3d 189, 195-97 (Tex. App.—San Antonio 2011, no pet.). And considering the nature of the case, a court may limit discovery when the burden of discovery outweighs its likely benefit, or when the discovery sought is unreasonably cumulative or duplicative. *See* Tex. R. Civ. P. 192.4.

Townsend sent discovery requests to the appellees in April 2012. Before their responses were due, the appellees filed a motion for protection on the ground that the voluminous requests were "purely harassing in nature in light of the fact that Plaintiff's claims are groundless, baseless and frivolous." Townsend responded with a motion for "light discovery." This response agreed that Townsend's discovery should be stayed pending a response to his "light

discovery," and stated that a motion to compel would be filed in the event of non-compliance. On May 25, 2012, the trial court excused the appellees from responding to the discovery requests until after the trial court ruled on the appellees' special exceptions to Townsend's pleadings. The appellees moved for summary judgment in August 2012.

In his summary judgment response, Townsend complained that the business records concerning the foreclosure were in the control of the appellees, but records attached as exhibits to pleadings filed by Townsend before that date include: (1) appointment of substitute trustee; (2) notice of acceleration; (3) printout from an internet lawyer directory; (4) assignment of note and deed of trust; (5) certificate of corporate name change; (6) notice of trustee's sale; (7) deed of trust; (8) notice of default; (9) debt collection notice; (10) notice of loan servicing transfer; (11) MERS servicer identification internet search result; (12) letter from FNMA (Fannie Mae) regarding a request for records; (13) letter from agent for Bank of America stating FNMA is owner of note; (14) letter concerning verification of indebtedness and the pending foreclosure sale; (15) price schedule for third party document recovery providers; (16) affidavits by Townsend; (18) letter response to Townsend's request for mortgage information from Bank of America; (19) comparable sales report; (20) warranty deed; (21) "Warranty Deed Certificate of

Acknowledgement" by Townsend; (22) "release of powers of appointment" by Townsend; and (23) notice to vacate. Townsend was seeking three additional documents, but it was reasonable for the trial court to conclude that Townsend had access to documents that were adequate to present his response to the appellees' motion for summary judgment without the documents Townsend had not obtained from the appellees. We cannot conclude the trial court abused its discretion under the circumstances presented in this case. Issue two is overruled.

SUMMARY JUDGMENT

Six issues challenge the trial court's decision to grant summary judgment. Townsend contends the trial court erred by granting summary judgment without supporting summary judgment affidavits from the appellees (issue four), by failing to accept as true the facts stated in Townsend's original petition (issue five), by failing to give a full and fair hearing on Townsend's claims and failing to give appellant opportunity to submit evidence (issue six), by failing to adhere to the requirements of Texas Rules of Civil Procedure 166a(c) and (i) (issue eight), by failing to set the case for a jury trial (issue twelve), and by including Townsend's action to quiet title in the summary judgment (issue fourteen).

"If summary judgment is granted on the pleadings, an appellate court reviews the pleadings, takes all allegations and inferences in the pleadings as true,

9

and views them in a light most favorable to the pleader." *Conquest Drilling Fluids, Inc. v. Tri-Flo Int'l, Inc.*, 137 S.W.3d 299, 309 (Tex. App.—Beaumont 2004, no pet.). A defending party may "move with or without supporting affidavits for a summary judgment in his favor as to all or any part" of the plaintiff's claims. Tex. R. Civ. P. 166a(b). A party may also move for traditional summary judgment based on the pleadings where the plaintiff's pleadings themselves establish the lack of a valid cause of action. *Edwards v. Blue Cross Blue Shield of Tex.*, 273 S.W.3d 461, 466 (Tex. App.—Dallas 2008, pet. denied). "Summary judgment may be proper if the allegations in the pleading affirmatively show the claims are barred as a matter of law and the defects cannot be cured by amendment." *Id.*

### 1. Conspiracy to Commit Fraud

In their motion for summary judgment, the appellees argued that Townsend's conspiracy claim failed for several reasons, including Townsend's reliance on invalidating the assignment. To establish a civil conspiracy to commit fraud, the plaintiff must establish (1) a combination of two or more persons; (2) seeking to accomplish an unlawful purpose or a lawful purpose by unlawful means; (3) having a meeting of minds on the object or course of action; (4) who commit one or more unlawful, overt acts; (5) proximately resulting in damages. *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 675 (Tex. 1998). Townsend alleged

10

that BDFTE, Douglass, and Jimenez engaged in a conspiracy to commit fraud: when BDFTE claimed to be a third party debt collector for BAC; when a BDFTE employee appointed Jimenez as a substitute trustee; when Douglass feigned being an assistant secretary for MERS and executed an assignment that lacked a corporate seal; and when Jimenez and BDFTE conspired by telephone to foreclose on the property although they knew neither BAC nor Bank of America was the current owner and holder of the note and deed of trust.

Townsend alleged that the promissory note was "split" from the deed of trust when the deed of trust was assigned through MERS. *See generally* Tex. Prop. Code Ann. § 51.0001(4)(B) (West Supp. 2012) ("Mortgagee" includes "a book entry system[.]"). Townsend alleged that the Montgomery County Clerk's Office does not have a record of an assignment into Bank of America, as successor "by merger" to BAC Home Loans Servicing, LP, although Bank of America claimed to be the loan servicing agent in communications with Townsend. Townsend's pleadings and some of the attachments to it suggest the Federal National Mortgage Association (FNMA) holds the note. One of the attachments, a notice of servicing transfer, states that FNMA is the creditor and that "unless Bank of America, N.A. is listed . . . as the creditor of your loan, Bank of America, N.A. does not own your loan and only services your loan on behalf of your creditor . . . ." According to

11

Townsend's pleadings, Bank of America as successor in interest to BAC, either owns the note or services it for FNMA. *See* Tex. Prop. Code Ann. § 51.0025 (West Supp. 2012). The mortgage servicer may appoint a substitute trustee. *See* Tex. Prop. Code Ann. § 51.0075(c),(d) (West Supp. 2012). Townsend's allegation that the note and deed of trust "split" has no basis in law. *See Campbell v. Mortg. Elec. Registration Sys.*, No. 03-11-00429-CV, 2012 WL 1839357, at *4 (Tex. App.—Austin May 18, 2012, pet. denied) (mem. op.) (citing *J.W.D., Inc. v. Fed. Ins. Co.*, 806 S.W.2d 327, 329–30 (Tex. App.—Austin 1991, no writ)).

The alleged agreement between the persons conducting the foreclosure accomplished neither an unlawful purpose nor a lawful purpose by unlawful means. *See Morris*, 981 S.W.2d at 675. The assignment would be binding on both Townsend, who had notice of it, and the parties to the assignment. *See Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 625 (S.D. Tex. 2010); *see also* Tex. Prop. Code Ann. § 13.001 (West 2004); *see also Nobles v. Marcus*, 533 S.W.2d 923, 926-27 (Tex. 1976) (An instrument is presumed valid unless the defaulted party sues successfully to set it aside.). Townsend's pleadings affirmatively establish the lack of a valid cause of action. *Edwards*, 273 S.W.3d at 466.

12

## 2. Negligent hiring

The motion for summary judgment argued BDFTE owed no duty to Townsend to hire, supervise, train or retain competent employees, and no negligence of a BDFTE employee caused injury to him. The Texas Supreme Court has not "ruled definitively on the existence, elements, and scope" of negligent hiring and supervision claims. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 n.27 (Tex. 2010). Townsend alleged BDFTE was negligent in the hiring of its employees, who implemented the acceleration of Townsend's note. Assuming the availability of a negligent-hiring claim, the risk that caused the hiring or supervision to be negligent must also have proximately caused injury to the plaintiff. *TXI Transp. Co. v. Hughes*, 306 S.W.3d 230, 240 (Tex. 2010). Townsend produced no evidence establishing causation of injury. The documents appear regular on their face and have not been challenged by a party with the authority to appoint a substitute trustee or to make the assignment. *See Nobles*, 533 S.W.2d at 926-27. The trial court did not err in granting summary judgment on pleadings that affirmatively show Townsend does not have a claim. *See Edwards*, 273 S.W.3d at 466.

### 3. Texas Debt Collection Act

Townsend alleged BDFTE violated the Texas Debt Collection Act by falsely stating that BDFTE represented the current true owner of the note and deed of trust. The appellees' motion urged summary judgment because Townsend's complaints regarding the foreclosure documents did not concern violations of the Texas Debt Collection Act. The prohibited debt collection practice of "failing to disclose clearly in any communication with the debtor the name of the person to whom the debt has been assigned or is owed when making a demand for money" does not apply to "a person servicing or collecting real property first lien mortgage loans[.]" Tex. Fin. Code Ann. § 392.304 (a)(4), (b) (West 2006). Furthermore, the Texas Debt Collection Act does not prevent a debt collector from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." Tex. Fin. Code Ann. § 392.301(b)(3) (West 2006). Because Townsend's pleadings establish that BDFTE was servicing a first lien mortgage, the trial court did not err in granting summary judgment on the pleadings. *See Edwards*, 273 S.W.3d at 466.

### 4. Negligent misrepresentation

To establish a negligent misrepresentation claim, the plaintiff must show: (1) the defendant made a representation in the course of his business, or in a

transaction in which he had a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant failed to exercise reasonable care or competence in obtaining or communicating the information; and (4) justifiable reliance by the plaintiff resulted in pecuniary loss to him. *McCamish, Martin, Brown & Loeffler v. F. E. Appling Interests*, 991 S.W.2d 787, 795 (Tex. 1999) (citing *Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)). In his petition, which was filed before the trustee's sale occurred, Townsend pleaded negligent misrepresentation by BDFTE and Douglass. Townsend alleged that in August 2010 BDFTE claimed BAC was the current owner and holder of the note, but Douglass executed the assignment the following month. Townsend asserted that in 2011 he received notice that the note was owned by FNMA, and he alleged that, unless the appellees produced the original note to prove Jimenez possessed the authority to sell the property at a trustee's sale, the representations that BAC held the note will cloud the title of any potential buyer of the home.

According to Townsend's pleadings, BAC serviced the note for FNMA. Simply stated, a mortgage servicer may administer the foreclosure on behalf of the mortgagee if they have an agreement granting the current mortgage servicer authority to service the mortgage, and the servicing relationship and the

15

information required by statute are disclosed. *See* Tex. Prop. Code Ann. § 51.0025. The disclosure notice is attached to Townsend's pleadings. The Property Code permits BAC to administer the foreclosure on FNMA's behalf. *Id.* Townsend's pleadings negate the existence of a claim for negligent misrepresentation.

### 5. Breach of fiduciary duty

Townsend alleged Jimenez breached a fiduciary duty by failing to verify the whereabouts of the original note and deed of trust and failing to verify whether there had been an assignment to another party. By statute, a trustee is not to be held to the obligations of a fiduciary of the mortgagor or mortgagee. *See* Tex. Prop. Code Ann. § 51.0074(b) (West Supp. 2012).

### 6. Libel

Libel is "a defamation expressed in written or other graphic form . . . that tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury[.]" Tex. Civ. Prac. & Rem. Code Ann. § 73.001 (West 2011). The elements are: (1) the defendant "published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, if the plaintiff was a public official or public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement." *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). Truth

16

is a defense. Tex. Civ. Prac. & Rem. Code Ann. § 73.005 (West 2011). The appellees' motion for summary judgment asserted that Townsend could not maintain a libel claim on a matter on which the substitute trustee has immunity. *See* Tex. Prop. Code Ann. § 51.007(f) (West 2007). The motion argued no false statement was made regarding Townsend in the notice of foreclosure.

Townsend alleged Jimenez hurt his reputation in the community by posting an invalid notice of foreclosure. Under Townsend's theory, Jimenez tried to sell the property without verifying her authority to do so. This allegedly false statement does not pertain to Townsend. *See McLemore*, 978 S.W.2d at 571. In his response to special exceptions, Townsend explained that he was never in default on his monthly installments that were agreed upon between him and Countrywide, and that when he executed the deed of trust he did not intend to become a tax collector for the Montgomery County Central Appraisal District. But Townsend did not allege in his pleadings that he was not in default of his obligation to pay the taxes on the property. *See also Townsend*, 783 F. Supp. 2d at 971 (BAC paid the tax assessment that Townsend failed to pay.). Townsend's pleadings demonstrate the lack of a libel claim.

7. Wrongful foreclosure

The motion for summary judgment asserted that Townsend failed to state a claim for wrongful foreclosure because, although the property was allegedly sold for less than its market value, Townsend did not connect the inadequacy of the price to an irregularity in the sale. A plaintiff asserting wrongful foreclosure must show "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.). Townsend asserted a claim of wrongful foreclosure against all three defendants. He alleges that Jimenez failed to inform potential buyers that the Montgomery County Appraisal District determined the property had a market value of "near $200,000[,]" that Jimenez sold the property for approximately half of its market value, that Jimenez did not physically possess the note and deed of trust at the time of the substitute trustee's sale, and that Jimenez should have known that Bank of America was not the owner of the note and deed of trust.

A mortgage servicer administering the foreclosure must disclose the representation and provide the name of the mortgagee and the address of either the mortgagee or the mortgage servicer in the notice of sale. *See* Tex. Prop. Code Ann.

§ 51.0025. The notice of substitute trustee's sale signed by Jimenez provided the name and address of the mortgage servicer, and stated that the mortgage servicer was authorized to represent the mortgagee, but does not clearly state whether Bank of America is the current mortgagee. Townsend alleged the omission invalidated the sale, but he did not allege a causal connection between that omission and the sale price obtained for the property. In his response to special exceptions, Townsend suggested that Jimenez committed an irregularity by accepting a bid from FNMA, but he alleged no causal connection between a defect in the notice and the acceptance of the bid.

The trustee is under no duty to take any affirmative action beyond that required by statute or the deed of trust to ensure a fair sale. *Sanders v. Shelton*, 970 S.W.2d 721, 726-27 (Tex. App.—Austin 1998, pet. denied). Townsend did not allege facts that describe a defect in the foreclosure proceedings that caused a grossly inadequate selling price. *See Sauceda*, 268 S.W.3d at 139. Without a causal connection between the alleged defect and the allegedly inadequate sale price for the property, Townsend has no wrongful foreclosure claim. *See id*.; *see also Sauceda*, 268 S.W.3d at 139.

### 8. Quiet title

Townsend sued to quiet his title and regain possession of the property. The motion for summary judgment argued that the claim was improperly made against the appellees, who claim no right to title or ownership of the property. "[T]he elements of the cause of action to quiet title are that the plaintiff must show (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01–10–00837–CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.) (mem. op.). Townsend failed to allege facts demonstrating that the appellees claim the property; rather, his pleadings state that the substitute trustee's deed granted title to the property to FNMA.

In a document entitled "Plaintiff's Intent To Sue" filed seven days before submission, Townsend expressed an intent to sue FNMA and Bank of America within thirty days unless they delivered quitclaim deeds to him. Townsend argues the trial court erred in granting summary judgment on his action to quiet title because the trial court was aware of Townsend's intent to add other parties to the suit. In his brief Townsend admits he sued Bank of America and FNMA before his earlier suit was removed to federal court. *See Townsend*, 783 F. Supp. 2d at 969,

*aff'd*, 461 F. App'x. at 367, 372. That suit terminated in a judgment adverse to Townsend. *Townsend*, 783 F.Supp.2d at 971. The trial court rules on a motion for summary judgment based upon the pleadings on file in the case at the time of submission. *See* Tex. R. Civ. P. 166a(c). Townsend did not request leave to amend his pleadings between submission and judgment. *See id.* The trial court did not abuse its discretion by granting summary judgment on the pleadings on file in the case. *Id.* A trial court possesses the authority to dispose of a case in a pre-trial proceeding based upon issues of law. *Walden v. Affiliated Computer Servs., Inc.*, 97 S.W.3d 303, 322-23 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); *see Edwards*, 273 S.W.3d at 466. The trial court did not err in granting summary judgment. *Id.* We overrule issues four, five, six, eight, twelve and fourteen.

NOTICE OF APPEAL

Issue fifteen complains that the trial court clerk processed Townsend's notice of appeal before the trial court ruled on his post-judgment motions. The trial court clerk complied with the procedural rule regarding notice of appeal. *See* Tex. R. App. P. 25.1(f). Processing the notice of appeal did not prevent Townsend from seeking post-judgment relief from the trial court. *See* Tex. R. Civ. P. 329b(e). We overrule issue fifteen. The trial court's judgment is affirmed.

AFFIRMED.

                                                _____

                                                  DAVID GAULTNEY
                                                       Justice

Submitted on September 19, 2013
Opinion Delivered October 31, 2013

Before Gaultney, Kreger, and Horton, JJ.