WHIPPLE, C.J., concurring in part and dissenting in part.
Under the facts of this case, to the extent that the majority opinion finds that the judges herein are granted absolute immunity for their alleged acts of wrongdoing and affirms the trial court's judgment maintaining the judges' peremptory exception of no cause of action, I agree with the majority. I also concur in the majority opinion insofar as it affirms in part and reverses in part the trial court's *982 judgment on the motions to strike by the judges and Ms. Campbell. I disagree, however, with the portion of the majority's opinion that reverses the trial court's judgment maintaining the peremptory exception of no cause of action urged by Ms. Campbell.
As the U. S. Supreme Court has recognized, few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction. Pierson v. Ray, 386 U.S. 547, 553-554, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 288 (1967). Such immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff. Bradley v. Fisher, 13 Wall. 335, 347, 20 L.Ed. 646 (1871). Judges are immune from damage claims arising out of acts performed in the exercise of their judicial functions, even when the judge is accused of acting maliciously. Mitchell v. McBryde, 944 F.2d 229, 239 (5th Cir. 1991). Moreover, the judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive. Mitchell v. McBryde, 944 F.2d at 230. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction. Dellenbach v. Letsinger, 889 F.2d 755, 759 (7th Cir. 1989). The concern for the integrity of the judicial process underlying the absolute immunity of judges also is reflected in the extension of absolute immunity to "certain others who perform functions closely associated with the judicial process." Oliva v. Heller, 839 F.2d 37, 39 (2nd Cir. 1988), quoting Cleavinger v. Saxner, 474 U.S. 193, 200, 106 S.Ct. 496, 500, 88 L.Ed.2d 507 (1985).
Thus, applying this analysis, courts have granted absolute immunity to court clerks where they were performing discretionary acts of a judicial nature. Oliva v. Heller, 839 F.2d at 39. In contrast to court clerks, who frequently perform ministerial functions, a law clerk generally performs discretionary acts of a judicial nature. Indeed, a law clerk is probably the one participant in the judicial process whose duties and responsibilities are most intimately connected with the judge's own exercise of the judicial function. Oliva v. Heller, 839 F.2d at 40. For purposes of absolute judicial immunity, judges and their law clerks are as one. Oliva v. Heller, 839 F.2d at 40. Accordingly, when assisting the judge in carrying out judicial functions, the judge's law clerk is likewise entitled to absolute immunity. Mitchell v. McBryde, 944 F.2d at 230.
Applying these precepts to the instant case, the petitions herein allege that Ms. Campbell caused harm to plaintiff by maliciously and intentionally destroying, concealing, removing, withholding, and/or improperly handling court documents pertaining to civil litigation filed by plaintiff The petitions further allege that the judges caused harm to plaintiff by concealing and/or covering up Ms. Campbell's misdeeds, failing to properly supervise, investigate, or reprimand Ms. Campbell, and in allowing Ms. Campbell to withhold court documents in order to delay proceedings.
In rendering judgment, the trial court determined that there was no distinction in the application of immunity to both Ms. Campbell and the judges, finding that "[t]he question of whether a law' clerk should be granted immunity is generally tied to the judge being granted immunity because they generally occur at the same time." With reference to the application of absolute judicial immunity to Ms. Campbell, the trial court held that "[h]er actions, alleged actions, regarding mishandling and destroying documents in the plaintiff's lawsuit *983 are nonetheless actions involving a pending case in the judicial process [such that] under the law [she] is entitled to absolute immunity as directed by the cases and the body of jurisprudence that governs this concept." I am constrained to agree.
In my view, the handling of evidence is incidental to the discharging of a judge's duties. Moreover, as the jurisprudence demonstrates, even if such handling (or mishandling) was performed with malice or wrongful intent resulting in the destruction of evidence, a law clerk is entitled to the same absolute immunity for civil liability afforded judges. See Mitchell v. McBryde, 944 F.2d at 230 ; Dellenbach v. Letsinger, 889 F.2d at 759. For these reasons, I respectfully disagree with the portion of the majority's opinion that reverses the trial court's judgment, which had maintained Ms. Campbell's peremptory exception of no cause of action.