**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 12 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IVAN HOOKER and KATHERINE
HOOKER,

    Plaintiffs - Appellees,

 v.

NORTHWEST TRUSTEE SERVICES,
INC.,

    Defendant,

 and

BANK OF AMERICA, NA and
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

    Defendants - Appellants.

No. 11-35534

D.C. No. 1:10-cv-03111-PA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Argued and Submitted March 3, 2014
Portland, Oregon

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: TROTT and W. FLETCHER, Circuit Judges, and BLOCK, Senior District Judge.[**]

Defendant-Appellant Bank of America ("BOA") appeals the district court's grant of sua sponte summary judgment to plaintiffs Ivan and Katherine Hooker. The district court set aside BOA's nonjudicial foreclosure on plaintiffs' home, stating that BOA had failed to comply with the recording requirements of Oregon Rev. Stat. § 86.735(1), *current version at* Or. Rev. Stat. § 86.752(1). We reverse and remand for further proceedings in light of the Oregon Supreme Court's ruling in *Brandrup v. ReconTrust Co.*, 303 P.3d 301 (Or. 2013), issued after the district court's decision in this case.

As *Brandrup* makes clear, the district court correctly held that MERS was not the beneficiary under plaintiffs' deed of trust, because it is neither the lender nor the lender's successor in interest. *See id.* at 304, 309–12. Nor is MERS eligible to serve as the beneficiary simply by being designated as such in the trust deed. *Id.* at 313–15. *Brandrup* also clarifies, however, that the transfers between the true beneficiaries of the deed of trust (in this case, the assignments from GN

[**] The Honorable Frederic Block, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

Mortgage to Wells Fargo and then to BOA), which occurred only by operation of law through the transfer of the note, were not the type of assignments that must be recorded under Oregon law. *Id.* at 318 (concluding that § 86.735(1) requires recordation of only "written assignments that are executed and acknowledged with [the formalities of an assignment by a written instrument], not a *post hoc* memorialization of a transfer of the secured obligation created solely for the purpose of recording"). Because the district court's decision was erroneous under *Brandrup*, we reverse.

*Brandrup* requires BOA to establish with "definitive documentation" that it is the true beneficiary under plaintiffs' deed of trust. *Id.*; *see also Niday v. GMAC Mortg.*, 302 P.3d 444, 454 & n.8 (Or. 2013) (suggesting that the relevant inquiry may be whether the foreclosing party is the "person entitled to enforce the note"). We remand for appropriate proceedings in the district court to determine whether BOA is entitled to foreclose.

 **REVERSED and REMANDED.**