# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

14-10015
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2014

Lyle W. Cayce
Clerk

VERNITA HUDSON,

Plaintiff-Appellant

v.

CITIMORTGAGE, INC.,

Defendant-Appellee

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-4128

---

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:*

Vernita Hudson ("Hudson") brings this action *pro se* against CitiMortgage, Inc. ("CitiMortgage") after the foreclosure of real property located in Lancaster, Texas ("the Property"). Hudson executed a promissory note ("Note") with a principal of $78,000 payable to Fieldstone Mortgage Company ("Fieldstone") on May 30, 2007. Hudson secured the Note by executing a Deed of Trust, which was secured by the Property and named

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10015

Mortgage Electronic Registration System, Inc. ("MERS") as the beneficiary. The Deed of Trust granted broad rights to MERS:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

MERS assigned the Note and Deed of Trust to CitiMortgage on May 8, 2009. The assignment was then recorded with the Dallas County Clerk on June 10, 2009.

Hudson became delinquent on payments beginning in September 2008. CitiMortgage, as the mortgage servicer, notified Hudson that she was in default on March 16, 2009. After Hudson failed to cure the default, CitiMortgage provided Hudson with a Notice of Acceleration on May 20, 2009 and obtained an order allowing it to sell the Property. CitiMortgage issued a Notice of Substitute Trustee Sale and purchased the Property at the sale for $38,000.

Hudson filed this action in the 68th Judicial District Court, Dallas County, Texas, alleging that 1) CitiMortgage lacked the authority to foreclose on the Property, and 2) CitiMortgage wrongfully foreclosed on the Property. CitiMortgage removed the action on the basis of diversity jurisdiction and filed a motion for summary judgment. The magistrate judge recommended that the district court grant summary judgment for CitiMortgage as to all of Hudson's claims, and the district court granted the motion. Hudson appealed.

This court reviews the grant of a motion for summary judgment *de novo*. *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010). Summary

judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The court will view all facts and evidence in the light most favorable to the non-moving party. *Moss*, 610 F.3d at 922.

Federal Rule of Appellate Procedure 28(a)(8)(A) requires that an appellant's brief contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." FED. R. APP. P. 28(a)(8)(A). "Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." *Price v. Digital Equipment Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988) (citations omitted).

With respect to the issue of whether CitiMortgage lacked the authority to foreclose on the Property, the district court considered and rejected three arguments made by Hudson: 1) that there was an invalid assignment, 2) that "the presence of MERS in the chain of title necessarily caused a bifurcation between the Deed of Trust and the Note, which caused any interest that Defendant has in the Property to be unsecured" (a "split-the-note" theory), and 3) that CitiMortgage did not have authority to foreclose because it did not have possession of the Note (a "show-me-the-note" theory). *Hudson v. CitiMortgage, Inc.*, No. 3:12-cv-4128-K, slip op. at 3-5 (N.D. Tex. Dec. 2, 2013). While Hudson's argument regarding the authority of Aaron Menne from MERS to execute an assignment may be relevant to her argument that there was an invalid assignment, this was not raised in the lower court and this court does not review issues raised for the first time on appeal. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Ctrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000). Hudson makes no other arguments in this appeal regarding these claims. By failing to adequately raise the claims brought before the district

court in her brief before this court, Hudson has abandoned these claims on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Hudson also presented a general claim for wrongful foreclosure, which the lower court addressed even though she did not present specific arguments against summary judgment and presented no evidence to create a genuine issue of material fact on that claim. Under Texas law, a wrongful foreclosure claim requires "(i) 'a defect in the foreclosure sale proceedings'; (ii) 'a grossly inadequate selling price'; and (iii) 'a causal connection between the defect and the grossly inadequate selling price.'" *Miller v. BAC Home Loan Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (quoting *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.)). On appeal, Hudson presents no arguments with respect to any of the requirements of this claim, and thus has abandoned this claim as well.

This court will not review Hudson's claim that MERS acted as a substitute grantee in violation of Texas law, or her fraudulent lien claim under § 12.002(a) of the Texas Civil Practice and Remedies Code, because these claims were not raised below. *See Stewart Glass*, 200 F.3d at 316-17.

The district court's decision to grant summary judgment to CitiMortgage is hereby AFFIRMED.