# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60672
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2016

Lyle W. Cayce
Clerk

W. C. BURTON; BARBARA BURTON,

    Plaintiffs - Appellants

v.

NATIONSTAR MORTGAGE, L.L.C.; FEDERAL HOME LOAN MORTGAGE CORPORATION,

    Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:14-CV-118

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

    The Burtons appeal the district court's ruling granting the Defendants' motion for summary judgment on claims arising out of the alleged wrongful foreclosure of the Burtons' home. The Burtons argue that the district court erred in finding that Mortgage Electronic Registration Systems, Inc. (MERS

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60672

Corporation)[1] validly assigned the deed of trust on the home to Ocwen Loan Servicing, LLC, which in turn assigned the home to Nationstar Mortgage, LLC—the company that ultimately sold the Burtons' home via foreclosure sale.

## I

The Burtons purchased their home in Olive Branch, Mississippi back in 2007. The original lender was Taylor Bean & Whitaker Mortgage Corporation. However, the deed of trust named MERS Corporation, not Taylor Bean, as the beneficiary. Two years later, the original lender, Taylor Bean, ceased operations after it was suspended by the Federal Housing Administration. MERS Corporation subsequently assigned the deed of trust to Ocwen. Ocwen then assigned the deed to Nationstar. Nationstar foreclosed on the Burtons' home, and the deed was conveyed to the Federal Home Loan Mortgage Corporation, better known as Freddie Mac.

## II

We review a grant of summary judgment *de novo*. *Kipps v. Caillier*, 197 F.3d 765, 768 (5th Cir. 1999). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56.

It is helpful to first explain the MERS Corporation and how it operates. As our sister circuit has explained, the recording process in many states is often cumbersome to the mortgage industry, especially when companies seek to bundle mortgage-backed securities together for sale. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1039 (9th Cir. 2011). By designating MERS Corporation as the beneficiary holding legal title to the security interest, the lender is free to sell or assign the beneficial interest to

---

[1] MERS is both a corporation and the actual online mortgage registration system. To avoid confusion, when referring to the company, rather than the system itself, the court will refer to "MERS Corporation."

other MERS members[2] without recording in the local records; all that is required is that the transfer be recorded in MERS Corporation's online registration system because MERS Corporation continues to hold the deed in the public records—it just does so on the new lender's behalf. *Id.* The simplicity of this system has clear advantages for lenders; they can transfer as many times as they would like to other MERS members without recording a single transfer. *Id.* It is only when the loan is sold to a nonmember or when foreclosure is necessary that recording is required. In that latter case, which is the situation here as the result of a loan default, MERS Corporation assigns its publicly-held nominal interest to the current lender in its system (that is, the true party in interest), which is recorded according to state law prior to foreclosure. *See id.*

The Burtons' wrongful foreclosure challenge rests on the alleged invalid transfer of the deed of trust from MERS Corporation to Ocwen. They contend that if the initial transfer was invalid, so too was the subsequent transfer to Nationstar and its foreclosure on their home. The Burtons argue that only the original lender can make assignments because MERS Corporation is not an in-fact beneficiary and its legal title under the deed limits its authority to actions that are "*necessary* to comply with law or custom or *required* of the lender."

The Defendants counter that MERS Corporation, as the named beneficiary of the deed of trust, had the authority to make the initial transfer and that the foreclosure on the Burtons' home was therefore valid.

The deed of trust provides that:

> The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. . . . Borrower [Plaintiffs] understands and agrees that MERS holds only legal title to the

---

[2] MERS members are other lenders who have signed up as participants in the online tracking system.

> interests granted by the Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

A separate provision permits the deed to be "sold one or more times without prior notice to the borrower."

The deed of trust thus gives MERS Corporation legal title to the home as the beneficiary and the inherent power to make successive assignments of the mortgage. This comports with industry custom—in fact, it's the very purpose of the system. The Burtons' main argument thus appears to be that despite the plain language of the deed of trust and industry custom, MERS Corporation cannot exercise these rights because it is not the in-fact beneficiary. But as the district court rightly noted, the effect of this contractual language is well established. Courts in this circuit and throughout the country have held that similar—if not identical—language *does* permit MERS Corporation to make subsequent assignments, even though it is only a nominal beneficiary. *See*, *e.g.*, *Brisby v. Moynihan*, 2014 WL 2940874, at *3 (S.D. Miss. June 30, 2014) (holding that deed of trust authorized MERS to make assignments); *Hudson v. Citimortgage, Inc.*, 2013 WL 6284045, at *3 (N.D. Tex. Dec. 2, 2013) (holding that "[a]s the beneficiary of the [d]eed of [t]rust, MERS held legal title to the Property and had the right to foreclose and sell the Property upon default, and therefore MERS had the inherent authority to assign the [n]ote and [d]eed of [t]rust."), *aff'd*, 582 F. App'x 537 (5th Cir. 2014); *Hobson v. Wells Fargo Bank, N.A.*, 2012 WL 505917, at *5 (D. Idaho Feb. 15, 2012) (holding that as the designated beneficiary of a deed of trust, MERS had the authority to assign its interest); *Espeland v. OneWest Bank, FSB*, 323 P.3d 2, 12 (Alaska 2014) ("As nominee, MERS had the authority to take any action

that the actual beneficiary could have taken, including transferring its nominal beneficial interest to another party."); *Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) (holding that under California law MERS has standing to foreclose as the nominee for the lender and beneficiary of the deed of trust and may assign its beneficial interest to another party).

The only authority the Burtons point to for their contrasting interpretation of the contractual language is *Hooker v. Northwest Trustee Services, Inc.*, 2011 WL 2119103 (D. Or. 2011), *reversed on other grounds in* 572 F. App'x 512 (9th Cir. 2014), which they allege shows that MERS Corporation could not assign the deed of trust because it was not the in-fact beneficiary of the deed. Their reliance on that case is inapposite. In *Hooker*, the district court held that *despite* the terms of the deed, Oregon law prohibits third parties, such as MERS Corporation, from avoiding state recording laws by holding a nominal beneficial interest on behalf of numerous successive MERS members who are the in-fact beneficiaries. *See id.* at *2–3. Mississippi law, however, has no such requirement—indeed, Mississippi law expressly allows an agent or representative such as MERS Corporation to be named a beneficiary in a deed of trust, even when it is merely holding the interest on behalf of the true beneficiary (that is, the current lender in the registration system). *See* MISS. CODE ANN. § 89-5-37 ("The assignment or transfer of a secured indebtedness need not be filed for record nor entered on the margin of the record if the holder thereof is represented by an agent, trustee or the like disclosed as beneficiary in the mortgage or deed of trust."); *see also Brisby*, 2014 WL 2940874, at *3 (applying Mississippi law to hold that the deed of trust authorized MERS Corporation to make assignments).

*Hooker* thus is based on a unique feature of Oregon law. Unlike Oregon, Mississippi permits nominal beneficiaries to hold legal title and make

No. 15-60672

assignments so long as they are disclosed in the deed of trust. *See* MISS. CODE ANN. § 89-5-37. Under governing state law, we therefore must enforce the clear terms of the deed of trust that empowered MERS Corporation to make subsequent assignments.

The judgment is AFFIRMED.