**Opinion issued February 25, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00085-CV

————————————

**MICHAEL M. EULER, Appellant**

**V.**

**MILES MARKS AND TEXAS DOW EMPLOYEES FEDERAL CREDIT UNION, Appellees**

On Appeal from the 9th District Court
Montgomery County, Texas
Trial Court Case No. 11-06-06132-CV

## MEMORANDUM OPINION

Michael Euler appeals the trial court's rendition of a summary judgment in favor of Appellees Texas Dow Employees Federal Credit Union and Miles Marks. A pro se Euler sued Appellees, asserting various claims regarding the allegedly improper foreclosure of his home. Appellees jointly moved for summary judgment

on no-evidence and traditional grounds, and the trial court granted the motion. We affirm.

## Background

Euler mortgaged his house in Montgomery County, Texas to Texas Dow. He later failed to make his mortgage payments, and Texas Dow began the process of foreclosing on the property. After Euler filed for bankruptcy and triggered an automatic stay of the foreclosure, the bankruptcy court ordered that the automatic stay would continue in place only if Euler made monthly payments and carried casualty insurance on the property. If he failed to do so and failed to cure default within 10 days, the stay would terminate and Texas Dow would be permitted to foreclose.

Euler failed to maintain insurance and make monthly payments. Texas Dow notified Euler of the defaults, and Euler failed to cure within 10 days. Accordingly, pursuant to its earlier order, the bankruptcy court terminated the automatic stay on November 29, 2005.

On December 12, 2005, Texas Dow sent a notice of foreclosure to Euler. The notice informed Euler that the foreclosure sale would take place on January 3, 2006. On that day, Marks purchased the property at the foreclosure sale.

Euler argued to the bankruptcy court that the foreclosure sale was not valid because (1) the stay was not properly lifted; (2) his counsel was not notified of the

2

foreclosure; and (3) he reasonably relied on assurances from Texas Dow that the property would not be sold. Euler also argued that he was entitled to amend his bankruptcy plan. The bankruptcy court held that the sale was valid and Euler was not entitled to amend his bankruptcy plan.

Euler appealed to the district court, which affirmed the bankruptcy court's judgment. Euler appealed to the Fifth Circuit, and the Fifth Circuit affirmed the district court's judgment.

During the course of the federal litigation, Marks brought a forcible detainer action in justice court seeking possession of the property. On July 6, 2009, the county court at law held a bench trial, rendered judgment in favor of Marks, and issued a writ of possession to Marks. That judgment was affirmed by the Ninth Court of Appeals.

On July 3, 2011 Euler brought this suit against Marks and Texas Dow in state court. Euler's petition requested that the "sale of the home be rescinded and nullified," and contended that "he was led to believe, that the property and home in question, was not to be sold at the foreclosure auction." Euler also alleged that "a defective Metes and Bounds was furnished . . . as evidence . . . the successor to the property (Marks, Riner) did not make purchase of the entire property."

On October 23, 2012, Appellees filed a joint motion for traditional and no-evidence summary judgment, arguing that Euler could adduce no evidence of the

3

elements of wrongful foreclosure, breach of contact, common law fraud, or statutory fraud. In their traditional motion, Appellees argued that Euler's claims were precluded by res judicata or collateral estoppel.

Euler did not file a response to the motion for summary judgment, but did file a "motion for oral argument" on October 30, 2012. In it, Euler asserted that

> Plaintiff has made numerous gestures and offers to settle the ongoing property dispute in the last years, and yet these attempts to Marks and Texas Dow has [sic] largely been ignored. The merits of the Civil action which concerns Wrongful Foreclosure and Fraudulent Conduct on the part(s) of the Defendants should merit consideration of Plaintiff's occupation of the premises until such time a Jury trial . . .

On November 19, 2012, the trial court granted Appellees' motion for summary judgment. Euler filed a motion for reconsideration, which was denied by operation of law. Euler appealed.

## Standard of Review

"We review a trial court's summary judgment de novo." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). "We review the evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). "When a party has filed both a traditional and a proper no-evidence summary judgment motion, we first review the trial court's

4

summary judgment under the no-evidence standard of Texas Rule of Civil Procedure 166a(i)." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 375 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)).

"To prevail on a no-evidence motion for summary judgment, the movant must establish that there is no evidence to support an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial." *Id.* (citing TEX. R. CIV. P. 166a(i); *Hahn v. Love*, 321 S.W.3d 517, 523–24 (Tex. App.—Houston [1st Dist.] 2009, pet. denied)). "The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to each of the elements specified in the motion." *Id.*; *see also Hahn*, 321 S.W.3d at 523–24. "'The trial court must grant the motion unless the nonmovant produces more than a scintilla of evidence raising a genuine issue of material fact on the challenged elements.'" *Essex Crane Rental*, 371 S.W.3d at 376 (quoting *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.] 1999, no pet.)).

## Analysis

A liberal construction of Euler's petition suggests that he asserted claims for breach of contract, fraud, and wrongful foreclosure. In their no-evidence motion for summary judgment, Appellees contended that Euler could adduce no evidence

5

of any of the elements of his claims. The burden then shifted to Euler to produce more than a scintilla of evidence supporting each element. *See Essex Crane Rental*, 371 S.W.3d at 375–76.

Texas Rule of Civil Procedure 166a requires a party to serve notice of submission of a summary judgment motion on the nonmovant at least twenty-one days before the submission date. TEX. R. CIV. P. 166a(c). The nonmovant may "file and serve opposing affidavits or other written response" not later than seven days before the submission date. *Id.* Here, Appellees filed their motion on October 23, 2012 and set it for submission on November 26, 2012. This gave Euler the required notice and meant that Euler had until November 9, 2012 to file a response. *See id.*

Euler filed no response. Rather, on October 30, 2012, Euler filed only a document titled "motion for oral argument." In it, Euler asserted that Appellees have not settled despite his offers, that Marks is an investor who flips distressed properties, and that Euler has been harmed by the foreclosure. But these assertions were not authenticated, sworn, or supported by affidavit and, therefore, are not summary judgment evidence. *See* TEX. R. CIV. P. 166a(f) (documents submitted as summary judgment proof must be sworn or certified); *Mackey v. Great Lakes Invs., Inc.*, 255 S.W.3d 243, 252 (Tex. App.—San Antonio 2008, pet. denied) (documents that are unauthenticated, unsworn, or not supported by affidavit are not

6

entitled to consideration as summary judgment proof).  Because Euler adduced no summary judgment evidence to raise a fact issue on any of his claims, the trial court was obligated to grant Appellees' no-evidence motion.  *See* TEX. R. CIV. P. 166a(c), (f); *Landers v. State Farm Lloyds*, 257 S.W.3d 740, 746 (Tex. App.— Houston [1st Dist.] 2008, no pet.) (holding trial court did not err in granting no-evidence motion for summary judgment in absence of timely response).[1] Accordingly, we hold that the trial court correctly granted Appellees' no-evidence motion for summary judgment.[2]

---

[1]  Even if we were to construe the assertions in Euler's motion for oral argument as proper summary judgment evidence, summary judgment would still be proper because the motion does not address the elements of Euler's claims.  It makes no mention of any misrepresentation made to him regarding the foreclosure, any agreement Marks may have breached, or defect in the foreclosure sale.  *See* TEX. BUS. & COM. CODE ANN. § 27.01 (false representation is element of statutory fraud); *B&W Supply, Inc. v. Beckman*, 305 S.W.3d 10, 16 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (breach of agreement is element of breach of contract); *DiBello v. Charlie Thomas Ford, Ltd.*, 288 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (misrepresentation is an element of common law fraud); *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.) (defect in foreclosure sale proceeding is element of wrongful foreclosure claim).

[2]  Because we affirm the summary judgment on no-evidence grounds, we need not address Appellees' traditional motion for summary judgment, which was based on res judicata.  *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

## Conclusion

We affirm the trial court's judgment.

Rebeca Huddle<br>Justice

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.