**Opinion issued April 18, 2019**



yIn The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00258-CV

———————————

## UNIQUE M. GREEN, Appellant

## V.

## FEDERAL NATIONAL MORTGAGE ASSOCIATION AND ONEWEST BANK, N.A., Appellees

On Appeal from the 269th District Court
Harris County, Texas
Trial Court Case No. 2015-36481

## MEMORANDUM OPINION

Appellant Unique M. Green, proceeding pro se, appeals the trial court's order granting summary judgment in favor of appellees Federal National Mortgage Association ("FNMA") and OneWest Bank, N.A. ("OneWest") on her claims for

wrongful foreclosure and wrongful eviction. In her sole issue, Green contends that the trial court erred in granting appellees' no-evidence motion for summary judgment because she presented more than a scintilla of evidence raising a genuine issue of material fact with regard to her claims. We affirm.

## Background

On June 24, 2015, Green, pro se, filed suit against FNMA alleging claims for wrongful foreclosure and wrongful eviction. In her petition, Green alleged that she was a bona fide purchaser and the owner of the property located at 3129 Elpyco Street, Houston, Texas 77051. On April 25, 2016, Green amended her petition and added OneWest as a defendant.[1]

On January 10, 2018, appellees filed a no-evidence motion for summary judgment. In their motion, they argued that Green had failed to produce any evidence raising a material fact issue on any of the elements of her wrongful foreclosure and wrongful eviction claims. On February 5, 2018, Green, then represented by counsel, filed a response to appellees' no-evidence motion. In her response, she requested that the trial court continue the hearing on appellees' motion

---

[1] The record reflects that the estate of Edna Hubbard, from whom Green purportedly purchased the property, was originally a plaintiff in the suit. At a June 30, 2017 hearing, Green informed the trial court that the estate was no longer a party to the action, and the court stated that any claims of the estate were nonsuited.

and argued that she had produced sufficient evidence to defeat appellees' no-evidence motion.

On February 6, 2018, the trial court granted appellees' no-evidence motion for summary judgment. On February 28, 2018, Green filed a motion for reconsideration. On March 29, 2018, the trial court denied Green's motion and entered a final judgment in favor of appellees, dismissing Green's claims with prejudice. This appeal followed.

## No-Evidence Summary Judgment

On appeal, Green contends that the trial court erred in granting appellees' no-evidence summary judgment motion because she raised a material issue of fact on all the elements of her wrongful foreclosure and wrongful eviction claims when she produced proof that she owned the property to appellees nearly a year before they filed their motion.

### A. Standard of Review

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). When reviewing a summary judgment motion, we must (1) take as true all evidence favorable to the nonmovant, and (2) indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). If

3

a trial court grants summary judgment without specifying the grounds for granting the motion, we must uphold the trial court's judgment if any one of the grounds is meritorious. *Rampersad v. CenterPoint Energy Hous. Elec., LLC*, 554 S.W.3d 29, 32 (Tex. App.—Houston [1st Dist.] 2017, no pet.).

After an adequate time for discovery, the party without the burden of proof may move for a no-evidence summary judgment on the basis that there is no evidence to support an essential element of the non-movant's claim. TEX. R. CIV. P. 166a(i); *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008). The trial court must grant the no-evidence summary judgment unless the non-movant produces competent summary judgment evidence raising a genuine issue of material fact on the challenged elements. TEX. R. CIV. P. 166a(i); *Hamilton*, 249 S.W.3d at 426.

A no-evidence summary judgment motion is essentially a motion for a pretrial directed verdict. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581 (Tex. 2006). Accordingly, we apply the same legal sufficiency standard of review that we apply when reviewing a directed verdict. *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005). Applying that standard, a no-evidence point will be sustained when (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or

(4) the evidence conclusively establishes the opposite of a vital fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

We note that, although we construe pro se pleadings and briefs liberally, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Morris v. Am. Home Mortg. Servicing, Inc.*, 360 S.W.3d 32, 36 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

## B. Wrongful Foreclosure Claim

"The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp*., 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.); *see Calegon v. 2009 SWE, LLC*, No. 01-16-00596-CV, 2017 WL 4288076, at *3 (Tex. App.—Houston [1st Dist.] Sept. 28, 2017, no pet.) (mem. op.). In their summary judgment motion, appellees argued that, despite the passage of more than two and a half years since litigation began, Green had failed to present any evidence of a defect in the foreclosure proceedings, a grossly inadequate sale price, or a causal connection between the two. The burden then shifted to Green to produce more than

a scintilla of evidence supporting each element of her claim. *See Tamez*, 206 S.W.3d at 582; *Hahn v. Love*, 321 S.W.3d 517, 524 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

In her summary judgment response, Green argued that appellees were not entitled to summary judgment because she produced sufficient evidence to raise a fact issue on the challenged elements.[2] However, Green's response failed to identify any evidence of a defect in the foreclosure proceedings, a grossly inadequate selling price, or a causal connection between any alleged defect in the sale process and the price. *See Sauceda*, 268 S.W.3d at 139.

## C. Wrongful Eviction

To establish a claim for wrongful eviction, a plaintiff must show that (1) she had an unexpired rental contract with the landlord; (2) she occupied the premises; (3) the landlord evicted her; and (4) she suffered damages attributable to the eviction. *See Hill v. Wells Asset Mgmt., Inc.*, No. 05-15-00096-CV, 2016 WL 4039256, at *2 (Tex. App.—Dallas July 26, 2016, no pet.) (mem. op.); *Mckenzie v. Carte*, 385 S.W.2d 520, 528 (Tex. Civ. App.—Corpus Christi 1964, writ ref'd n.r.e.). In their no-evidence motion, appellees contended that Green had not presented any evidence

---

[2] In her summary judgment response, Green also requested that the trial court continue the hearing on appellees' summary judgment motion. As Green does not raise this issue on appeal, we do not address it. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

raising a material fact issue on any of the elements of her wrongful eviction claim. In her summary judgment response, Green argued that the trial court should deny appellees' motion because she produced sufficient evidence to raise a fact issue on the elements of her claim. However, Green failed to identify any evidence of an unexpired rental contract, occupation of the premises, eviction, or resulting damages. *See McNeely v. Salado Crossing Holding, L.P.*, No. 04-16-00678-CV, 2017 WL 2561551, at \*7 (Tex. App.—San Antonio June 14, 2017, no pet.) (mem. op.) (affirming trial court's grant of no-evidence summary judgment in favor of property owner on lessors' wrongful eviction claim where lessors did not produce evidence of eviction or dispossession).

In sum, Green did not present any evidence raising a genuine issue of material fact regarding her claims of wrongful foreclosure and wrongful eviction. We conclude that the trial court did not err in granting appellees' no-evidence motion for summary judgment on her claims. *See King Ranch*, 118 S.W.3d at 751.

**Motion for Reconsideration of Summary Judgment**

After the trial court granted summary judgment, Green filed a motion for reconsideration. In her motion, as she does on appeal, Green argued that the trial court erred in granting appellees' no-evidence motion because "she raised a fact issue on all of the elements of wrongful foreclosure and wrongful eviction when she produced proof of ownership of the property to appellees before they filed their

7

Motion for No-Evidence Summary Judgment."  To her motion for reconsideration, Green attached a copy of a warranty deed that she purportedly sent to appellees via facsimile on August 24, 2017 and on November 14, 2017.  Appellees argue that the trial court properly denied Green's motion for reconsideration because the evidence was previously available to Green, she never served appellees with the evidence, the evidence was not produced in response to a discovery request, and the evidence has no bearing on Green's claims.

## A. Standard of Review

"After a court grants a summary judgment motion, the court generally has no obligation to consider further motions on the issues adjudicated by the summary judgment." *Macy v. Waste Mgmt., Inc*., 294 S.W.3d 638, 651 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (quoting *Kelly v. Gaines*, 181 S.W.3d 394, 416 (Tex. App.—Waco 2005), *rev'd on other grounds*, 235 S.W.3d 179 (Tex. 2007)).  We review a trial court's ruling on a motion to reconsider a prior summary judgment for abuse its discretion.  *See Mullins v. Martinez R.O.W., LLC*, 498 S.W.3d 700, 705 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *Macy*, 294 S.W.3d at 651.  A trial court abuses its discretion when it makes a decision without reference to any guiding rules or principles.  *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999).  An abuse of discretion will not be found if the movant cites no additional evidence "beyond

that available to him" when the first summary judgment was granted. *Macy*, 294 S.W.3d at 651.

**B. Analysis**

Among the exhibits to her motion for reconsideration, Green attached a document entitled "Warranty Deed" reflecting that Edna L. Hubbard sold the property located at 3129 Elpyco Street, Houston, Texas 77051, to Green in 2012. Exhibit C consists of two copies of the deed, faxed to two different numbers, on August 24, 2017. Exhibit D consists of two copies of the deed, faxed to the same two numbers, on November 14, 2017. The one-page faxed document does not identify the recipient of the fax or include a certificate of service. *See* TEX. R. CIV. P. 21a; *Strobel v. Marlow*, 341 S.W.3d 470, 476–77 (Tex. App.—Dallas 2011, no pet.) (concluding plaintiff's counsel's file-stamped letter to trial court clerk showing "cc" to defendant health care provider's attorney did not satisfy rule 21a's certificate of service requirement where neither letter nor expert report included certificate of service certifying that copies of report were transmitted by fax or otherwise served on health care provider or counsel). Green also attached to her motion a copy of an incident report showing that the house located at 1116 Elberta Street, in Houston, Texas, was destroyed in a fire on December 22, 2017 (Exhibit B).[3] She asserts that

---

[3]     The incident report identifies Janevelyn Green as the owner of the house.

9

she lost property and documents related to this case in the fire, and that she was not able to attach a copy of the warranty deed to her summary judgment response because she was unable to obtain a new copy from the county clerk's office and provide it to her newly hired counsel before her summary judgment response was due.

Green's argument is unavailing for several reasons. In summary judgment proceedings, the trial court can only consider what is before it at the time. *See Hussong v. Schwan's Sales Enters., Inc.*, 896 S.W.2d 320, 323 (Tex. App.—Houston [1st Dist.] 1995, no writ) ("[A] trial court can only consider pleadings and proof on file at the time of the hearing, or filed after the hearing and before judgment with the permission of the court.").[4] It is unclear why neither Green nor her counsel was able to obtain another copy of the deed from the county clerk's office, but no such deed was submitted as part of her response to the motion for summary judgment. Further, not only was no alleged deed submitted to the court, but Green makes no mention whatsoever of the deed in her response. *See Macy*, 294 S.W.3d at 651 (concluding trial court did not abuse its discretion in refusing to reconsider summary judgment granted to employer where employee's motion for reconsideration was based on evidence and arguments available to employee before trial court rendered summary

---

[4] Green filed the evidence with her motion for reconsideration on March 29, 2018, after the trial court granted summary judgment to appellees.

judgment order).  Finally, even if Green had submitted the alleged warranty deed as summary judgment evidence, the deed, while arguably evidence of property ownership, does not raise a material fact issue on the challenged elements of Green's claims of wrongful foreclosure (i.e., a defect in the foreclosure proceedings, a grossly inadequate selling price, or a causal connection between any alleged defect in the sale process and the price) and wrongful eviction (i.e., an unexpired rental contract, occupation of the premises, eviction, or resulting damages).  Accordingly, we cannot conclude that the trial court abused its discretion by denying Green's motion for reconsideration.  *See id.*  We overrule Green's issue.

## Conclusion

We affirm the trial court's judgment.


Russell Lloyd
Justice

Panel consists of Justices Lloyd, Kelly, Hightower.