

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00023-CV

_____

JOE M. ROSALEZ, Appellant

V.

FOSON INVESTMENTS, LLC, Appellee

---

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2019-005668-1

---

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Joe M. Rosalez appeals from a judgment in a forcible detainer suit granting Foson Investments, LLC ("Foson") possession of certain real property. He raises five points challenging the adequacy of Foson's presuit demand for possession, Foson's standing to sue for possession of the property, and the evidence demonstrating Foson's superior right to possession, its entitlement to rely on language in the deed of trust, and Rosalez's continued occupancy of the premises. We affirm.

## I. BACKGROUND

Foson filed a forcible detainer action against Rosalez in Justice Court and obtained a judgment granting it possession of the subject premises. Rosalez appealed that judgment to the County Court at Law. In a brief bench trial, Foson introduced as exhibits copies of a Substitute Trustee's Deed, Deed of Trust, and notice letter all relating to the disputed property. The exhibits were admitted without objection from Rosalez. Foson then attempted to call Rosalez as a witness to establish that he had received the notice letter, but Rosalez's attorney stipulated to Rosalez's signature on the certified mail acknowledgment card. Rosalez did not present any evidence. The court rendered judgment from the bench and signed a judgment that same day granting possession of the property to Foson.

Rosalez requested findings of fact and conclusions of law and also filed a motion for new trial. The trial court did not make any findings or conclusions and did not rule on the motion for new trial. Rosalez did not file a notice of past due

2

findings of fact and conclusions of law and does not raise any point on appeal addressing the trial court's failure to make findings and conclusions.[1]  *See* Tex. R. Civ. P. 297.

## II.  DISCUSSION

## A.  Elements of a Forcible Detainer Action

"The sole focus of a forcible-detainer action is the right to immediate possession of real property."  *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017).  A plaintiff in a forcible detainer action arising after a foreclosure bears the burden of proving four elements:

> (1) the substitute trustee conveyed the property by deed to [plaintiff] after the foreclosure sale; (2) the deed of trust signed by [defendant] established a landlord[–]tenant relationship between [defendant] and [plaintiff]; (3) [plaintiff] gave proper notice to [defendant] to vacate the premises; and (4) [defendant] refused to vacate the premises.

*Martinez*, 2019 WL 5996984, at *2.

A plaintiff "establishes the superior right to immediate possession by establishing the fact of a foreclosure pursuant to a deed of trust that created a tenancy at sufferance after the foreclosure."  *Id.*  The plaintiff is not required to prove title to the property.  *Id.* at *3.  For this reason, a forcible detainer suit is not the appropriate arena to challenge the propriety of a foreclosure.  *Id.*  That challenge must be brought

---

[1]Any complaint concerning the failure to make findings of fact and conclusions of law is waived.  *See Martinez v. Cerberus SFR Holdings, L.P.*, No. 02-19-00076-CV, 2019 WL 5996984, at *1 n.1 (Tex. App.—Fort Worth Nov. 14, 2019, pet. denied) (mem. op.).

in a separate suit for wrongful foreclosure or to set aside a substitute trustee's deed. *Id.*

## B. Presuit Demand For Possession

Rosalez first contends that Foson's presuit demand for possession of the premises was inadequate. A demand for possession "must be made in writing by a person entitled to possession of the property and must comply with the requirements for notice to vacate under Section 24.005." Tex. Prop. Code Ann. § 24.002(b). Section 24.005 provides that if, as in this case, the occupant is a tenant by sufferance, the landlord must give at least three days' written notice to vacate before filing a forcible detainer suit unless the parties have contracted in writing for a different notice period. *Id.* § 24.005(b).

Rosalez appears to argue that a demand for possession must have been made by Foson itself rather than by an agent acting on its behalf. We considered—and rejected—this identical argument in *Enriquez v. Capital Plus Fininancial, LLC*, No. 02-19-00184-CV, 2020 WL 719441 (Tex. App.—Fort Worth Feb. 13, 2020, no pet.) (mem. op.). We noted that corporations act only through their agents and concluded that the presuit demand in that case was properly sent through the plaintiff's agent. *See id.* at *1. We likewise conclude in this case that it was sufficient under the statute for Foson to send its presuit demand through an authorized agent.

Rosalez next argues that Foson did not establish that it made a demand for possession through an authorized agent because the notice letter does not mention

4

Foson. But the notice letter shows on its face that it is from "Nicholas R. Veach, Attorney for Foson Investments, LLC." It thus identifies Foson as the party seeking possession and Veach as Foson's authorized representative. *See Martinez*, 2019 WL 5996984, at *6–7 (recognizing sufficiency of notice sent by law firm on plaintiff entity's behalf); *Norvelle v. PNC Mortg.*, 472 S.W.3d 444, 449 (Tex. App.—Fort Worth 2015, no pet.) (recognizing authority of attorney to act as entity's agent in forcible detainer action).

Finally, Rosalez complains that the letter's salutation reads "Dear Maria E. Rosalez" rather than "Dear Joe M. Rosalez." But the letter was addressed to "Joe M. Rosalez, and all occupants." In addition, the evidence shows that the notice was actually received by Joe Rosalez.

Rosalez has not demonstrated any deficiency in Foson's presuit demand for possession. Point one is overruled.[2]

## C. Jurisdiction

Rosalez asserts in his second point that Foson's live pleading was "not a valid pleading on which judgment could be granted" because it was based on a faulty substitute trustee's deed. His specific complaint is that the Substitute Trustee's Deed is not supported by the affidavit of a person with personal knowledge sufficient to

---

[2]Rosalez also states in his argument under point one that the Substitute Trustee's Deed was defective because it did not contain an appropriate affidavit. That assertion is addressed in our discussion of point two.

establish prima facie evidence of service under Property Code Section 51.002. *See* Tex. Prop. Code Ann. § 51.002(e) (providing that "[t]he affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service."). Rosalez contends that this constitutes a defect in the sale of the property to Foson that renders the Substitute Trustee's Deed invalid, deprives Foson of standing to prosecute its forcible detainer action, and deprives the courts of jurisdiction. *See Enriquez*, 2020 WL 719441, at *2 (addressing the identical argument).

As we recognized in *Enriquez*, an alleged defect in the Substitute Trustee's Deed does not relate to the plaintiff's standing in a forcible detainer action:

> Any defects in the foreclosure process or with appellee's title to the property may not be considered in a forcible-detainer action. Those defects may be pursued in suits for wrongful foreclosure or to set aside the substitute trustee's deed, but they are not relevant in this forcible-detainer action.

*Id.* (quoting *Martinez*, 2019 WL 5996984, at *3). Further, a title dispute does not deprive a justice court of jurisdiction unless resolution of such a dispute is a prerequisite to determining the right of immediate possession. *Id.* A title dispute likewise does not deprive a county court of jurisdiction over a forcible detainer appeal because that court's jurisdiction is coextensive with the justice court's. *See id.*

Rosalez relies on our opinion in *A Plus Investments, Inc. v. Rushton*, No. 02-03-00174-CV, 2004 WL 868866 (Tex. App.—Fort Worth Apr. 22, 2004, no pet.) (mem. op.), for the proposition that the alleged defect in the Substitute Trustee's Deed required the trial court to abate or dismiss this case. We held in *A Plus* that the

6

county court lacked jurisdiction over a forcible detainer suit "[b]ecause an unresolved question of title was so intertwined with the right to possession that the action could not have been adjudicated without first determining title." *Id.* at *1.

We later addressed our opinion in *A Plus* and clarified that "[a] challenge to the form of the trustee's deed does not forestall a claim of superior title." *Martinez*, 2019 WL 5996984, at *5. As we explained,

> *A Plus* dealt with a title issue that was of a different order of magnitude than a challenge to the form of the substitute trustee's deed. The issue in *A Plus* was not one in which the substitute trustee's deed might be challenged because of a defect in form but instead dealt with a lack of statutory authority to foreclose that created a question about whether the party filing the FED action held any right to possession at all.

*Id.* (citing *A Plus*, 2004 WL 868866, at *2). In addition, we specifically recognized in *Martinez* that an alleged defect in an affidavit attached to a substitute trustee's deed is not an issue that is so intertwined with title that a county court hearing a forcible detainer appeal lacks jurisdiction. *Id.* at *4.

The defect alleged by Rosalez does not present the same fundamental issue as was present in *A Plus*. On the contrary, Rosalez presents the type of defect that we recognized in *Martinez*, a defect that does not divest a county court of jurisdiction over a forcible detainer action. *See id.* Rosalez has thus not demonstrated that Foson lacked standing to pursue its forcible detainer action or that the courts below lacked jurisdiction over that action. Point two is overruled.

7

## D. Superior Right to Possession

Rosalez's third point again centers on his contention that the affidavit supporting the Substitute Trustee's Deed is defective. He argues that, because of that alleged defect, the Substitute Trustee's Deed is not entitled to any presumption of validity and cannot be considered as evidence of Foson's superior right to possession. Rosalez relies solely on *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.), as support for this proposition. But *Sauceda* concerned a suit for wrongful foreclosure, one element of which is proof of a defect in the foreclosure sale proceedings. *See id.* at 136, 139. As noted above, defects in the foreclosure process are not relevant in a forcible detainer action. *See Enriquez*, 2020 WL 719441, at *2.

Point three is overruled.

## E. Tenancy at Sufferance

In point four, Rosalez asserts that the trial court erred by granting Foson possession because Foson was not in privity of contract with Rosalez in relation to the Deed of Trust and therefore did not show that it was entitled to rely on "tenancy at sufferance" language in that instrument. We have at least twice rejected this same argument:

> [W]e have recently stated that "[t]he fact that the lender in the Deed of Trust does not match the holder identified in the Substitute Trustee's Deed . . . presents a question of title" and "does not undermine the showing of superior right to possession accorded Appellee because it was the grantee in the Substitute Trustee's Deed." *Martinez*, 2019 WL

8

5996984, at *8 (*citing Deubler v. Bank of N.Y. Mellon*, No. 02-10-00125-CV, 2011 WL 1331540, at *2 (Tex. App.—Fort Worth Apr. 7, 2011, no pet.) (mem. op.) (holding that party was not required to present evidence establishing connection between deed of trust and substitute trustee's deed to establish superior right to possession)).

*Askew v. Mena Homes, Inc.*, No. 02-19-00181-CV, 2020 WL 579121, at *3 (Tex. App.—Fort Worth Feb. 6, 2020, pet. denied) (mem. op.).

Foson was not required to establish privity of contract with Rosalez in relation to the Deed of Trust. *See id.* It is sufficient that the Substitute Trustee's Deed shows that Foson purchased the subject property at a foreclosure sale and so acquired the right to enforce the tenancy-at-sufferance clause in the Deed of Trust. *See Enriquez*, 2020 WL 719441, at *3 (concluding that purchaser at foreclosure sale acquired right to enforce tenancy-at-sufferance clause in deed of trust). Point four is overruled.

## F.  Continued Occupancy

In his final point, Rosalez contends that the trial court erred by granting possession to Foson because Foson did not present any evidence of Rosalez's continued occupancy of the subject property. *See Bradberry*, 526 S.W.3d at 478 (citing refusal to vacate premises as an element of forcible detainer action). Foson responds that the evidence shows that Rosalez signed for certified mail addressed to him at the address of the subject property. This constitutes some evidence of his continued occupancy of the property.

In addition, the fact that Rosalez appealed a judgment depriving him of possession is some evidence that he was in possession of the property at the time of

trial and had refused to vacate it as demanded by Foson. *See Martinez*, 2019 WL 5996984, at *9; *see also Askew*, No. 2020 WL 579121, at *3 n.2.

Point five is overruled.

### III.  CONCLUSION

The trial court's judgment is affirmed.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered:  May 13, 2021

10