

# NUMBER 13-23-00061-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MARIA TREVINO, ANNETTE TREVINO,**
**AND ANNALLE TREVINO,**                                    **Appellants,**

**v.**

**RICARDO GARZA GONZALEZ,**                                    **Appellee.**

---

**On appeal from the County Court at Law No. 9**
**of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Chief Justice Contreras**

This cause is before the Court on its own motion. On April 3, 2023, appellants Maria Trevino, Annette Trevino, and Annelle Trevino filed a brief in this appeal from a no-evidence summary judgment granted for appellee Ricardo Garza Gonzalez. The following day, the Clerk of the Court notified appellants that the brief did not comply with the Texas

Rules of Appellate Procedure, *see* TEX. R. APP. P. 9.4(h), (j)(4), 38.1(a), (i), and directed appellants to file an amended brief in compliance with the Texas Rules of Appellate Procedure within ten days of the date of the notice.

Appellants filed an amended brief on April 14, 2023. Three days later, the Clerk of the Court notified appellants that the brief did not comply with the Texas Rules of Appellate Procedure, *see id.* R. 9.4(h), 38.1(a–c), (g), (i), and directed appellants to file an amended brief in compliance with the Texas Rules of Appellate Procedure within five days of the date of the notice.

Appellants filed a second amended brief on April 19, 2023. That same day, the Clerk of the Court notified appellants for a third time that the brief did not comply with the Texas Rules of Appellate Procedure, *see id.* R. 38.1(c), (g), (i), and directed appellants to file an amended brief in compliance with the Texas Rules of Appellate Procedure within ten days of the date of the notice. The Clerk notified appellants that failure to file a compliant brief would result in the appeal's dismissal.

On June 8, 2023, the Clerk of the Clerk once again notified appellants that their April 19, 2023 brief did not comply with the Texas Rules of Appellate Procedure, and that failure to cure the defects within ten days would result in the appeal's dismissal. Appellants have failed to file a compliant brief. So we dismiss this appeal. *See id.* R. 42.3(b), (c).

Even if we were to give their noncompliant, inadequate brief a liberal construction, appellants cannot succeed on the merits. This case is before the Court following the trial court's no-evidence summary judgment for appellee. "Texas Rule of Civil Procedure

166a(i) provides that 'a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof.'" *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 138–39 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.) (quoting Tex. R. Civ. P. 166a(i)). "The burden then falls entirely on the adverse party to produce summary judgment evidence raising a genuine issue of material fact." *Draughon v. Johnson*, 631 S.W.3d 81, 88 (Tex. 2021). "The nonmovant's response must specifically identify the supporting summary judgment evidence that it seeks to have considered by the trial court." *BP Am. Prod. Co. v. Zaffirini*, 419 S.W.3d 485, 507 (Tex. App.—San Antonio 2013, pet. denied) (cleaned up). "Attaching entire documents . . . to a response and referencing them only generally does not relieve the party of pointing out to the trial court where in the documents the issues set forth in the . . . response are raised." *Id.* "The trial court must grant the [no-evidence] motion [for summary judgment] if the non-movant does not produce summary judgment evidence raising a genuine issue of material fact on each element challenged." *Johnson*, 631 S.W.3d at 88; *see* Tex. R. Civ. P. 166a(i) ("The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.").

Here, appellants produced no evidence in response to appellee's no-evidence motion for summary judgment. Instead, their response generally referenced an "Exhibit A" and a "Transcript" which purportedly contained some form of evidence, but which were neither attached to their response nor are found in the record. *See Zaffirini*, 419 S.W.3d

3

at 507. Thus, appellants failed to meet their burden to produce evidence raising genuine issues of material fact on the challenged elements of their claim, and the trial court did not err by granting appellee's motion. *See* TEX. R. CIV. P. 166a(i); *Johnson*, 631 S.W.3d at 88.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
27th day of July, 2023.

4